Appeal of **AMERICAN LA DENTELLE,**     **Docket No. 611.**
**INC., and MANORIAL DE-**
**VELOPMENT CORPORA-**
**TION.**

Where two corporations became affiliated July 1, 1919, because the same persons owned all the stock of both in equal proportions, a consolidated return should be filed covering the period beginning on that date.

Submitted January 12, 1925; decided February 10, 1925.

*Paul L. Loewenwarter, C. P. A.*, for the taxpayer.

*Arthur H. Fast, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

The parties have agreed upon the facts, but disagree as to the period for which a consolidated return should be filed.

### FINDINGS OF FACT.

American La Dentelle, Inc., hereinafter called the American Company, is a New York corporation, incorporated April 28, 1914. Manorial Development Corporation, hereinafter called the Manorial Company, is a New York corporation, incorporated June 8, 1917.

From some time in 1918 to July 1, 1919, the American Company was controlled as follows:

| | |
|---|---|
| Otto J. Ahlstrom | 187½ |
| C. J. Ahlstrom | 186½ |
| C. H. Ahlstrom | 1 |
| Alien Property Custodian | 125 |
| Total capital stock of $50,000 | 500 |

The Manorial Company was at all times owned in equal shares by Otto J. and C. J. Ahlstrom. On July 1, 1919, Otto J. and C. J. Ahlstrom acquired, in equal shares, the 125 shares of American Company stock from the Alien Property Custodian, and thereafter they owned both corporations in equal shares. It is agreed that there was no affiliation of the corporations from January 1 to June 30, 1919.

The Commissioner determined a deficiency of $2,360.30 income and profits tax to be due from the American Company for the calendar year 1919. It is stipulated that the entire deficiency depends upon the decision as to the period of affiliation.

### DECISION.

The deficiency determined by the Commissioner is disallowed.

### OPINION.

STERNHAGEN: The appeal presents a question under section 240 of the Revenue Act of 1918, to which there must be many similar, in

which the taxpayers were affiliated because the same persons held the stock of both corporations for part of the taxable year. But we have only an agreed statement of the facts in this appeal and no brief of either party as to the principles which are applicable.

At the beginning of the calendar year 1919 there were two separate and distinct corporations, the Ahlstroms owning all the stock of the Manorial Company and only 75 per cent of the American Company. The other 25 per cent was in the hands of the Alien Property Custodian as a common-law trustee under the Trading with the Enemy Act. Presumably the Ahlstroms had no control over this 25 per cent, and hence the two corporations were not affiliated under section 240, subdivision (b). This is expressly stipulated. It seems to follow clearly that, since they were not affiliated on January 1, 1919, the provisions of section 240 as to consolidated returns and the computation of income and invested capital applicable thereto are of no concern as of that time. Until the conditions underlying the application of the special provisions of this section exist, the section can not be operative. The two corporations must maintain their separate incidents, therefore, at least until July 1, 1919, filing separate returns with separate computations of income and profits, for this period. Whatever happened thereafter does not affect this period of separateness, because there is nothing in the statute to make the later affiliation retroactive.

From July 1, 1919, however, Congress has said that the generally recognized principle of corporate identity was to be overriden for the purpose of the income and profits tax and that a consolidated return should be filed "if substantially all the stock of two or more corporations is owned or controlled by the same interests," which is the situation here. From July 1, in other words, the separate existences ceased for tax purposes just as effectually as if under a State statute the corporations had been consolidated for all corporate purposes. A new tax status was created. This composite return based as it is upon the calendar year as its taxable year must cover the part of the calendar year from July 1, and the consolidated income and invested capital must be computed from that date, irrespective of the separate returns which have been made by the two constituent corporations for the period prior to consolidation. Thus the calendar year 1919 calls for three returns, one for the American Company for the first six months, one for the Manorial Company for the first six months, and one consolidated return for the affiliated companies covering the last six months.