BENEFICIAL LOAN SOCIETY OF TRENTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

AMERICAN LOAN COMPANY OF AKRON, OHIO, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

AMERICAN LOAN COMPANY OF CAMDEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

BENEFICIAL LOAN COMPANY OF PROVIDENCE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

PERSONAL FINANCE COMPANY OF LEBANON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 47749, 48238, 49273, 60961, 61021. Promulgated October 25, 1932.

*Jackson R. Collins, Esq.,* for the petitioners.
*W. R. Lansford, Esq.,* for the respondent.

OPINION.

BLACK: As to all of the petitioners there is one issue which is common, and that is whether or not each petitioner is entitled to take as a deduction from a return reporting income for a fractional part of a year, the entire specific credit allowed to a corporation with net income less than $25,000 per annum, by the Revenue Acts of 1926 and 1928, or whether such specific credit should be prorated over the number of months for which income has been reported separately, as respondent has done in his determination of the deficiencies involved in these proceedings.

There is an issue of limitation as to petitioner, American Loan Company of Camden. We will discuss these issues in their order.

An examination of the findings of fact will show that some of the income-tax returns in question are governed by both the Revenue Acts of 1926 and 1928, because the fiscal year of the taxpayer began in 1927 and ended in 1928, and some of them are governed solely by the Revenue Act of 1928, but in so far as a decision on the first point is concerned, it is not believed that there is any substantial difference in the provisions of the two acts and that whatever is the correct rule to apply to one is the correct rule to apply to the other. Under both the 1926 and 1928 Acts, the Commissioner has promulgated regulations which require the subsidiary or subordinate corporation, member of an affiliated group, whose status is changed during the taxable year, to make a separate return for that part of the taxable year during which time it was outside of the affiliation. See art. 634, Regulations 69; art. 733, Regulations 74; art. 13, Regulations 75 (which govern the year 1929 and subsequent years). This requirement, that the subsidiary or subordinate corporation, whose status has been changed during the taxable year shall make a sepa-

rate return for that part of the taxable year during which time it was outside of the affiliated group, has received the approval of the Board and the courts. *Industrial Cotton Mills Co.*, 22 B. T. A. 648, and cases there cited; *Sweets Co. of America, Inc.*, 12 B. T. A. 1285, affirmed on this point, 40 Fed. (2d) 436.

Petitioners in the instant case complied with the above stated regulations, and filed separate returns, in which they included that part of their net income earned during that part of their calendar year or fiscal year, as the case may be, while they were outside the affiliation. Their income for the period of affiliation was included in the consolidated return of a parent corporation. On these points there is no dispute between petitioners and the Commissioner, but as to the use of the specific credit deduction, there is a contest. Petitioners, as has already been stated, contend they are entitled to deduct the entire amount permitted by the statute for a whole taxable year of twelve months, whereas respondent contends that this credit should be prorated in proportion to the income for the number of months included in the return.

Respondent gives, as a justification for his contention, section 239 (b) of the 1926 Act, and a corresponding provision in the 1928 Act, section 47 (e). Section 239 (b) of the 1926 Act reads: " * * * In the case of a return made for a fractional part of a year, except a return made under subdivision (a) of section 226, the credit provided in subdivision (b) of section 226 shall be reduced to an amount which bears the same ratio to the full credit therein provided as the number of months in the period for which the return is made bears to twelve months."

The Commissioner promulgated article 625 of Regulations 69 under the foregoing provision of the 1926 Act, and article 715 of Regulations 74 and 75 under section 47 (e) of the 1928 Act. He followed out the provisions of these regulations in the determination of the deficiencies involved in these proceedings.

The method used by the Commissioner in the instant case recently received the approval of the United States Court of Claims in *Beneficial Loan Society of Bethlehem* v. *United States*, 48 Fed. (2d) 686. We agree with the decision of the Court of Claims in that case.

In *Green River Distilling Co.*, 16 B. T. A. 395, which was governed by the Revenue Act of 1918, we approved the action of the Commissioner in requiring the Green River Distilling Company to file its separate return for the fractional part of the year (8 months) during which time it was not affiliated with the Copperfield Company and to file a consolidated return with said Copperfield Company for the remainder of the year (4 months). The facts in that case show that in connection with his determination of the deficiency

against the Distilling Company, the respondent reduced its invested capital to eight-twelfths of the amount of invested capital, for the 8-month period. He also reduced the excess-profits and war-profits credits to eight-twelfths of the amounts allowable for a full year. This action of the Commissioner, the taxpayer vigorously contested and contended the Commissioner had no right to prorate the amount of invested capital or of the excess-profits and war-profits credit over a period of eight months, but must allow them for the full 12-month period, notwithstanding that income of only eight months was included in the separate return. This contention there made was very similar to the one now made by petitioners in the instant case. Petitioner in the *Green River Distilling Co.* case relied upon some of the same authorities that the petitioners in the instant case urge in their brief, but we sustained the action of the Commissioner in his method of prorating the amount of invested capital and the excess· profits credit and overruled the contentions of petitioner. We think the principles announced in *Green River Distilling Co.* are controlling here.

Undoubtedly the point raised by all the petitioners in the instant case would be governed by the same rule applied in *Beneficial Loan Society of Bethlehem* v. *United States, supra,* and *Green River Distilling Co., supra,* unless Beneficial Loan Society of Trenton and Beneficial Loan Society of Providence, which each on December 26, 1929, secured permission of the Commissioner to change their accounting period from a fiscal year period ending January 31, 1930, to a calendar year period beginning February 1, 1929, and ending December 31, 1929, be excepted and are entitled to take the specific credit deduction in accordance with section 47 (a), (c), (e) of the Revenue Act of 1928, which reads:

(*a*) *Returns for short period resulting from change of accounting period.*— If a taxpayer, with the approval of the Commissioner, changes the basis of computing net income from fiscal year to calendar year a separate return shall be made for the period between the close of the last fiscal year for which return was made and the following December 31. If the change is from calendar year to fiscal year, a separate return shall be made for the period between the close of the last calendar year for which return was made and the date designated as the close of the fiscal year. If the change is from one fiscal year to another fiscal year a separate return shall be made for the period between the close of the former fiscal year and the date designated as the close of the new fiscal year.

\*          \*          \*          \*          \*          \*          \*

(*c*) *Income placed on annual basis.*—If a separate return is made under subsection (a) on account of a change in the accounting period, the net income, computed on the basis of the period for which separate return is made, shall be placed on an annual basis by multiplying the amount thereof by twelve and dividing by the number of months included in the period for which the

separate return is made. The tax shall be such part of the tax computed on such annual basis as the number of months in such period is of twelve months.

\* \* \* \* \* \* \*

(e) *Reduction of credits against net income.*—In the case of a return made for a fractional part of a year, except a return made under subsection (a), on account of a change in the accounting period, the personal exemption and credit for dependents, and the specific credit for corporations, shall be reduced respectively to amounts which bear the same ratio to the full credits provided as the number of months in the period for which return is made bears to twelve months.

We think the provisions of section 47 (a) (c) (e) of the Revenue Act of 1928 would govern in the cases of Trenton and Providence if they had not been in and out of affiliation during the taxable year. If they had not been in and out of affiliation during the taxable year, we think their proper procedure, under the permission which had been granted by the Commissioner, would have been to file returns covering the calendar period, February 1 to December 31, 1929, including all their income for such period and having it placed upon an annual basis, as provided in section 47 (a) (c) (e) of the Revenue Act of 1928.

But Trenton and Providence, like the other petitioners in this proceeding, were in and out of affiliation during the taxable years. In the first four months of their calendar year (changed to such by permission of the Commissioner) beginning February 1, 1929, they were not affiliated and their income was reported separately. For the remainder of the calendar year their income was included in the consolidated returns of parent corporations. We, therefore, think the same rule which must be applied to the other petitioners in this proceeding must be applied to them and that rule, as we have already stated, we think was correctly decided by us in *Green River Distilling Co.*, supra, and by the Court of Claims in *Beneficial Loan Society of Bethlehem* v. *United States*, supra. That rule we follow in the instant case and approve the method used by the Commissioner in his determination of the deficiencies.

The remaining question relates to the statute of limitations raised by Camden, which executed and delivered to respondent a waiver of the statute of limitations dated March 7, 1930, extending the period for assessment of the taxes involved herein to December 31, 1930. The notice of deficiency was dated April 23, 1930, and the appeal was taken June 16, 1930. The written consent or waiver is in the usual form and no objection is made thereto, except it is pointed out that the name of the parent corporation of the affiliated group appears at the top of the printed form, but not in the caption or body of the consent in writing, and it is argued that because of this the waiver should be confined to the affiliated period for which consolidated

return was filed, and not apply to the separate return filed by Camden. There is nothing to indicate that the waiver is so limited. The parent company is not a party to the agreement. Camden is the taxpayer and the only party to the agreement which waived the statute of limitations on 1927 and 1928 taxes until December 31, 1930. It follows that the waiver is valid.

Reviewed by the Board.

*Decision will be entered for the respondent in all the respective dockets.*