### BUFFALO BRAKE BEAM CO. v. UNITED STATES.

No. 42823.

Court of Claims.

May 3, 1937.

N. Norman Mayer, of Washington, D. C. (Spiegler & Mayer, of Washington, D. C., on the brief), for plaintiff.

Guy Patten, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, Sp. Assts. to Atty. Gen., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

## WILLIAMS, Judge.

Plaintiff, the Buffalo Brake Beam Company, on July 1, 1926, acquired by purchase all the issued and outstanding stock, both common and preferred, of the Acme Steel & Malleable Iron Works, Inc., another corporation, and they thus became affiliated corporations under section 240 (d) of the Revenue Act of 1926 (44 Stat. 46), and remained so throughout the remainder of the taxable year 1926. During the year 1926, and prior thereto, plaintiff kept its records and filed its income tax returns on the calendar year basis.

The net income of plaintiff for the year 1926 was $62,804.60, of which income $31,920.59 was earned prior to June 30, 1926, and $30,884.01 was earned in the period July 1 to December 31, 1926. The Acme Steel & Malleable Iron Works, Inc., with which plaintiff became affiliated July 1, 1926, sustained a net loss of $38,730.99 during the period of its affiliation with plaintiff, July 1 to December 31, 1926.

On March 15, 1927, plaintiff filed a consolidated income tax return for the year 1926, including therein its own income for the year, $62,804.60, and the net loss of its affiliate, $38,730.99, for the period July 1, 1926, to December 31, 1926. Plaintiff paid the taxes shown to be due on the basis of its consolidated return in the sum of $1,722.07.

Upon final determination of plaintiff's income tax liability for 1926, the Commissioner of Internal Revenue held that, for the purpose of computing the taxes due from plaintiff, the year should be broken up into two periods, and two returns made; one for the period ending June 30, 1926, in which plaintiff was not affiliated with Acme Steel & Malleable Iron Works, Inc., and another return for the period July 1 to December 31, 1926, during which plaintiff was affiliated with the Acme Company, and that the latter return should include the income of the Acme Company for that period, the period of affiliation. As a result thereof, plaintiff's separate tax liability for the period ended June 30, 1926, was determined to be $3,980.60, of which $1,975.87 was determined to have been previously assessed and paid, leaving an additional tax due of $2,004.73, which plaintiff paid on October 9, 1929. Of the additional tax, $1,000.66 is due to the Commissioner's determination that the taxable year should be broken up into the two periods aforesaid, and the remainder is based on adjustments which are agreed to be correct.

The net result of the Commissioner's determination is to eliminate all tax liability of the Acme Company for the portion of the taxable year 1926 in which it was not affiliated with plaintiff and in which it sustained a net loss of $43,867.-40, and to eliminate all the tax liability of the two companies for the portion of the year 1926 in which they were affiliated and in which plaintiff had a net income of $30,884.01 and the Acme Company sustained a net loss of $38,730.99, or a net consolidated loss of $7,846.98.

The question for decision is whether the Commissioner of Internal Revenue

erred in requiring separate returns from the two companies for the 6-months period in 1926 when they were not affiliated, and a consolidated return for the 6-months period when affiliated.

Coming directly to the point at issue it is our opinion the Commissioner did not err in the action he took. Under his ruling plaintiff's correct taxable income is reflected for the period in which plaintiff had no relations whatever with the Acme Company, while it received the full benefit of the net loss sustained by the Acme Company during the period of that company's affiliation with plaintiff. If plaintiff's theory be accepted, it would not only be permitted to offset losses of the Acme corporation against gains realized by it during the period of affiliation, but would also be permitted to offset such losses against gains realized by it before the period of affiliation. This theory is untenable and is in direct conflict with the Treasury Regulations on the subject of consolidated returns and many decided cases.

Treasury Regulations 69, promulgated under the Revenue Act of 1926 provide:

"Art. 634. *Change in ownership during taxable year.*—(a) Where corporations are affiliated at the beginning of a taxable year but due to a change in stock ownership during the year the affiliated status is terminated, or (b) where corporations are not affiliated at the beginning of the taxable year but through change of stock ownership during the year become affiliated, a full disclosure of the circumstances of such changes of stock ownership shall be submitted to the Commissioner.

"Ordinarily in such cases, where only two corporations are involved, the parent or principal corporation, under the conditions described in (a) above, should file a consolidated return including the income of such subsidiary or subordinate corporation to the date of the change of stock ownership, and each should file a separate return from the date of such change in stock ownership to the end of the taxable period, and, under the conditions described in (b) above, each corporation should file a separate return from the beginning of the taxable period to the date of the change in stock ownership, and a consolidated return should be filed by the parent or principal corporation from the date of change of stock ownership to the end of the taxable year, including therein the income of the subsidiary or subordinate corporation for such period."

The case falls within the provisions of article 634 (b), and the Commissioner's determination of plaintiff's tax liability for the year 1926 was in strict accord therewith. The two corporations were not affiliated at the beginning of the taxable year but became so on July 1, when plaintiff acquired all the stock of the Acme Company. The Commissioner's requirement that the two companies file separate tax returns from the beginning of the year to the date on which they became affiliated and that plaintiff, the parent corporation, file a consolidated return from the date of affiliation to the end of the year, including therein the income of the Acme corporation, met the literal provisions of the regulations. The same provisions, in substance, if not literally, had been carried in the regulations issued under the previous revenue acts of 1918, 1921, and 1924. This long-continued departmental practice ought not now be set aside unless it is clearly wrong, which we do not think it is. It certainly is not in conflict with the statute, and appears to be a reasonable and correct construction of the statute.

In Appeal of American La Dentelle, Inc., and Manorial Development Corporation, 1 B.T.A. 575, the Board of Tax Appeals had before it the precise question presented in this case. In that case the two corporations involved were in existence and active at the beginning of the calendar year 1919 but were not then affiliated. They became affiliated on July 1, 1919. The Board said:

"It seems to follow clearly that, since they were not affiliated on January 1, 1919, the provisions of section 240 as to consolidated returns and the computation of income and invested capital applicable thereto are of no concern as of that time. Until the conditions underlying the application of the special provisions of this section exist, the section can not be operative. The two corporations must maintain their separate incidents, therefore, at least until July 1, 1919, filing separate returns with separate computations of income and profits, for this period. Whatever happened thereafter does not affect this period of separateness, because there is nothing in the statute to make the later affiliation retroactive. * * *

"From July 1, in other words, the separate existences ceased for tax purposes just as effectually as if under a State statute the corporations had been consolidated for all corporate purposes. A new tax status was created. This composite return based as it is upon the calendar year as its taxable year must cover the part of the calendar year from July 1, and the consolidated income and invested capital must be computed from that date, irrespective of the separate returns which have been made by the two constituent corporations for the period prior to consolidation."

In Green River Distilling Co. v. Commissioner of Internal Revenue, 16 B.T.A. 396, the plaintiff's stock was acquired by the Copperfield Co., Inc., during the taxable year, and the two companies thus became affiliated. The Commissioner computed plaintiff's net income for the period prior to the date of affiliation on the basis of a single nonaffiliated corporation, and for the remainder of the taxable year on the basis of its status as an affiliated corporation. In speaking of the question presented here the Board said: "We believe that section 240 must be read in pari materia with sections 230 and 200 of the Act and that, in a case where two corporations become affiliated within the meaning of section 240 during their taxable year, the Commissioner may require a return and compute the tax for the short period in the same manner that is permitted by section 226, where there is a change in the accounting period from a calendar year to a fiscal year or vice versa. See Appeal of American La Dentelle, 1 B.T.A. 575; Baker-Vawter Co. v. Com'r, 7 B.T.A. 594; and Sweets Co. of America v. Com'r, 12 B.T.A. 1285."

The rule laid down in the Board cases referred to was approved by the Circuit Court of Appeals for the Second Circuit in American Paper Exports, Inc., et al. v. Bowers, 54 F.(2d) 508, where the court said: "If both affiliates are in existence and active before affiliation, obviously more than one return becomes therefore necessary, and so it has been held. Appeal of American La Dentelle, Inc., 1 B. T.A. 575; Green River Distilling Co. v. Com'r, 16 B.T.A. 396. At least for the period of its separate activity each must file a separate return."

The plaintiff's taxable income for the year 1926 was computed by the Commissioner in strict accord with article 634 (b) of Regulations 69. These regulations, being a reasonable and fair interpretation of the statute, have the force and effect of law. Therefore it must be held that the taxes which plaintiff seeks to recover were legally assessed and collected.

Plaintiff is not entitled to recover, and its petition must be dismissed. It is so ordered.