Appeal of CALIFORNIA ASSOCI-    Docket No. 190.
ATED RAISIN CO.

The Board will not inquire into the basis for the Commissioner's belief that jeopardy exists as provided in section 274 (d) of the Revenue Act of 1924.

The fact that a taxpayer against whom a jeopardy assessment has been made is unable to make the bond provided by section 279 (a) can not serve to authorize an appeal not otherwise provided by the statute.

Submitted March 23, 1925; decided May 26, 1925.

*Virgil Y. Moore, Esq.*, and *Andrew T. Smith, Esq.*, for the taxpayer.

*A. Calder Mackay, Esq.*, and *Benjamin H. Bartholow, Esq.*, for the Commissioner.

Before STERNHAGEN and TRAMMELL.

STERNHAGEN: Pursuant to our opinion upon the Commissioner's motion to dismiss, 1 B. T. A. 314, the Commissioner filed a pleading containing, *inter alia*, a plea in bar to the jurisdiction raising the same question. At the hearing both counsel agreed that the notice received by the taxpayer from which this appeal is sought to be taken is in all material respects similar to that considered by the Board in the *Appeal of Oakdale Coal Co.*, 1 B. T. A. 773. It is no longer doubtful that the first notice mailed to the taxpayer was a notice of assessment under subdivision (d) of section 274, and not a notice of deficiency under subdivision (a). What we said in the *Oakdale Appeal* is therefore applicable here.

But the taxpayer urges that the assessment was erroneous because no jeopardy in fact existed, and that any belief of the Commissioner of the necessity of a jeopardy assessment is not well founded and can not form the basis for a valid assessment under subdivision (d). The ground of the Commissioner's belief and assessment is that the taxpayer is bankrupt and its property is in possession of a trustee in bankruptcy under the Bankruptcy Act. This, says the taxpayer, so far from denoting jeopardy, assures to the United States the protection of the assets for the purpose of paying taxes as a preferred obligation. Furthermore, it is said that the trustee, having already filed his official bond for faithful performance, is not in position to file any bond which may be required by the Revenue Act, section 279, to accompany a claim for abatement; and hence it will have no opportunity to appeal under section 279.

We are, however, constrained to the view that these are matters which, if they be true, are not within our authority to adjudicate. Congress has expressly based the power of jeopardy assessment upon the Commissioner's official belief, consistently with his responsibility for the protection and collection of the revenue. If he so exercise this power as to be arbitrary and oppressive the remedy lies with the courts, as it does with any official abuse of power or discretion. The appeal to this Board can not be used for this purpose, especially when Congress has expressly provided an appeal

on the merits from the denial of a claim for abatement. The taxpayer's inability to file a bond to accompany a claim for abatement and thus to lay the foundation of appeal on the merits creates a regrettable situation. It means that the insolvent, impecunious, or otherwise unfortunate taxpayer, who is unable to file a bond with such sureties as will satisfy the collector, is deprived of an appeal. But we see no escape from the conclusion that this is the effect of the statute. To hold otherwise would render unnecessary the class of appeal provided by section 279, since in any event the taxpayer would have his appeal under section 274.

In our former opinion in this appeal, as we repeated in the *Oakdale Appeal*, we held that once the Board acquires jurisdiction of an appeal from the determination referred to in section 274 (a), such jurisdiction is not destroyed by the Commissioner's act of assessment, even for jeopardy. But here, as in the *Oakdale Appeal*, the right to appeal under section 274 (a) was never acquired.

The plea in bar must be sustained and the appeal dismissed.