*259 OPINION".
Maequette:
The petitioner contends that the assessment of tax involved herein is invalid for the reason that the early expiration of the statute of limitations does not constitute jeopardy to collection of the tax, within the meaning of section 250(d) of the Revenue Act of 1921, under which the assessment was made, and that the petitioner was entitled to the 30-day notice and opportunity to protest provided by said section. We think the petitioner’s contention is not well founded. Section 250(d) of the Revenue Act of 1921 provides that, if upon examination of a return made under the Revenue Act *260 of 1916, the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, a tax or a deficiency in tax is discovered, the taxpayer shall be notified thereof and given a period of not less than 80 days in which to file an appeal and show cause or reason why the tax or the deficiency should not be paid, that opportunity for a hearing on the appeal should be given, but “that in cases where the Commissioner believes that the collection of the amount due will be jeopardized by such delay, he may make the assessment without giving notice or awaiting the outcome of such hearing.” It will be observed that the Commissioner is expressly authorized to dispense with the 30-day notice and the hearing provided by section 250(d) when he believes that collection of the tax will be jeopardized by the delay incident to the giving of such notice and hearing. The Commissioner, in this case, determined that the collection of the tax would be jeopardized if the usual 30-day notice and opportunity for appeal were given, and this Board will not inquire into the correctness of his determination. Appeal of California Associated Baisin Co., 1 B. T. A. 1251. The assessment involved in that appeal was made under the authority of section 274(d) of the Revenue Act of 1924, which contains a prolusion in regard to jeopardy assessments substantially the same as the above quoted provision of section 250(d) of the Revenue Act of 1921. The Board, in holding that it would not inquire into the basis of the Commissioner’s belief that jeopardy exists as provided in section 274(d) of the Revenue Act of 1924, said:
But the taxpayer urges that the assessment was erroneous because no jeopardy in fact existed, and that any belief of the Commissioner of the necessity of a jeopardy assessment is not well founded and can not form the basis for a valid assessment under subdivision (d). The ground of the Commissioner’s belief and assessment is that the taxpayer is bankrupt and its property is in possession of a trustee in bankruptcy under the Bankruptcy Act. This, says the taxpayer, so far from denoting jeopardy, assures to the United States the protection of the assets for the purpose of paying taxes as a preferred obligation. Furthermore, it is said that the trustee, having already filed his official bond for faithful performance, is not in position to file any bond which may be required by the Revenue Act, section 279, to accompany a claim for abatement; and hence it will have no opportunity to appeal under section 279.
We are, however, constrained to the view that these are matters which, if they be true, are not within our authority to adjudicate. Congress has expressly based the power of jeopardy assessment upon the Commissioner’s official belief, consistently with his responsibility for the protection and collection of the revenue. If he so exercise this power as to be arbitrary and oppressive the remedy lies with the courts, as it does with any official abuse of power or discretion.
We think that the decision in the Appeal of California Associated Raisin Co., supra, applies with equal force as to the situation pre *261 sented hero and on the authority of that decision we determine this issue in favor of the Commissioner.
The next question relates to the power of the respondent to reconsider and reverse the decision of his predecessor in office. We are of the opinion in the instant case he has that power. There is no dispute as to the facts. They were the same before the former Commissioner as before the present one and the decision of each involves only an interpretation of the statute authorizing deductions in computing net income. They involve no conclusion of fact. As we have heretofore stated in the Appeal of Yokohama Ki-Ito Kwaisha, Ltd., 5 B. T. A. 1248, “ An erroneous interpretation of a statute by the Commissioner does not conclude the United States on a subsequent modification of the ruling, or create equities in favor of the petitioner requiring the judicial adoption of the first interpretation.” See also Goldfield Consolidated Mines Co. v. Scott, 247 U. S. 126.
Under the statute it was clearly the duty of the present Commissioner to determine the petitioner’s true tax liability at any time within five years from the date the return was filed, and we are of the opinion that since his action in reversing the decision of his predecessor involved only a question of law and was not barred by any statute of limitations, it is valid.
The final question is, whether or not the petitioner is entitled, in computing its net income for the year 1918, to deduct the amount of $218,000 paid in that year to the Western Reserve University and the Lakeside Hospital, under the circumstances set forth in the findings of fact. The petitioner contends that it is entitled to the deduction under the provisions of section 219 (b) of the Revenue Act of 1918. Section 219 of the Revenue Act of 1918, provides in part:
ESTATES AND TRUSTS.
Sec. 219. (a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—
(1) Income received by estates of deceased persons during the period of administration or settlement of the estate;
(2) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests;
(3) Income held for future distribution under the terms of the will or trust; and
(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct.
(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that there shall also be allowed as a deduction {in lieu of the deduction authorized by paragraph (11) of subdivision (a) of section *262 214) any part o£ the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid to or permanently set aside for the United States, any State, Territory, or any political subdivision thereof, or the District of Columbia, or any corporation organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual; and in eases under paragraph (4) of subdivision (a) of this section the fiduciary shall include in the return a statement of each beneficiary’s distributive share of sucii net income, whether or not distributed before the close of the taxable year for which the return is made.
(c) In cases under paragraph (1), (2), or (3) of subdivision (a) the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any legatee, heir or other beneficiary. In sucii cases the estate or trust shall, for the purpose of the normal tax, be allowed the same credits as are allowed to single persons under section 216.
It is admitted by tlie Commissioner that the Western Reserve University and the Lakeside Hospital are corporations organized and operated exclusively for religious, charitable, scientific, or educational purposes. It is therefore only necessary to determine whether the $218,000 in question ivas “ part of the gross income which, pursuant to .the terms of the will or deed creating the trust,” was paid to those institutions in the year 1918. The construction placed by the petitioner on the language just quoted assumes the existence of a comma after the word “ will,” and that the language should be construed as meaning that if a will gives an executor discretion to pay a legacy as he sees fit, out of principal, income, or both, and the executor in fact pays the same out of income, then the payment is made out of income “ pursuant to the terms of the will.” But we should not stop there. The language which Congress enacted in the law, was “ terms of the will or deed creating the trust.” The clause “ creating a trust ” modifies or limits both “ will ” and “ deed.” That the omission of the comma was not a mere accident, is apparent from the conference report submitted on behalf of the managers of the Senate and House on the legislation which became the Revenue Act of 1918. In two places in that report there appears the identical language used in the Act, that is, “ pursuant to the terms of the will or deed creating the trust.” It seems clear to us that Congress intended to cover the situation where a trust was created either by a will or by a deed, and where the terms thereof provided for the payment to a charitable, religious, scientific, or educational corporation of all or part of the income of that trust, and not to the situation where executors, acting within discretionary powers, pay a legacy out of income. We are, therefore, of the *263 opinion that the situation presented in the instant appeal does not come within the provisions of section 219(b) of the Revenue Act of 1918, and that the petitioner is not entitled to any deduction from gross income under that section.
While the petitioner, in computing its net income for the year 1918, is not entitled to deduct the legacies in question, under the provision of section 219(b) of the Revenue Act of 1918, it might be contended that it is entitled to the deduction under section 219 (c) of that Act, which provides that—
in determining tho net income of tlie estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any legatee, heir or other beneficiary.
In order properly to determine whether or not the petitioner is entitled to a deduction under section 219(c) of the Revenue Act of 1918, we must inquire as to whether the legacy was, by the terms of the will, made payable out of the income of the testator’s estate. The will contains no provisions expressly directing the executors to pay the legacies to the Western Reserve University and the Lakeside Hospital out of income rather than principal. It may be observed that when the testator had in mind the use of the income of his estate for the payment of a legacy, he made a definite provision to that effect, for instance, the codicil of March 15, 1916. In our opinion the language of the will giving the executors discretion as to the time when the legacies should be paid was inserted for the purpose of preventing the legatees from making any legal demand for payment at a time which might force the sale of the principal of the estate to the disadvantage of the estate, thereby adversely affecting the interest of the testator’s wife as the residuary legatee, or his daughter, as the recipient of an annuity or the income from the trust. The petitioner attaches great weight to the codicil of October 8, 1910, as an expression of the testator’s intent that the stock in the W. S. Tyler Co. should not be used for the payment of legacies provided by his will. We do not think, however, that the codicil of October 8, 1910, is susceptible of that construction. It was clearly intended to operate as a restriction upon the powers of the Citizens Savings & Trust Co., as trustees for the testator’s daughter, in the event the trust for her benefit should come into existence, and was not intended as a limitation or restriction upon the powers of the executors. The trust for the benefit of the daughter was to be created only .in the event that the testator’s wife did not survive him. However, she did survive him, so that the trust was never created and the codicil of October 8, 1910, did not become operative.
*264 We are unable to 'find any authority in the decedent’s will for holding that the legacies in question were intended by him to be paid out of the income rather than the corpus of his estate. The construction most favorable to the petitioner, of which the provisions of the will are susceptible, is that they do not expressly prohibit the legacies from being paid out of income. However, they would have been payable, even if the estate had no income, and they were required to be paid before any part of the estate could be turned over to the residuary legatee. The Western Reserve University and the Lakeside Hospital had no right, under the testator’s will, to demand any part of the income of his estate but they did have a right to $250,000 of the corpus of his estate. We therefore think that it can not be properly held that the legacies in question represent “ income properly paid or credited to any legatee, heir or beneficiary ” during the period of the administration or settlement of an estate, and that the petitioner is not entitled, in computing its net income for the year 1918, to deduct the amount of the legacies paid in that year, under the provisions of section 219 (c) of the Revenue Act of 1918.
The testator died in May, 1917, and his estate bore an estate tax under the Revenue Act of 1916 which did not permit the deduction from the gross estate of legacies payable to charitable, religious, scientific or educational corporations. By the Revenue Act of 1918 such deductions were granted to the estates of all persons dying after December 81, 1917. If the testator had died subsequent to December 31, 1917, we are satisfied that the legacies involved herein would have been deductible in computing his net estate subject to the Federal estate tax, under the Revenue Act of 1918, but we do not think they are proper deductions in computing the net income of the estate under the Revenue Act of 1918.
Reviewed by the Board.

Judgment will be entered for the Commissioner.

Milliken did not participate.