*899 OPINION.
A RttNtytct.t, :
There seems to be no question raised as to the date from which the statute runs, the petitioner admitting in its brief that it is June 12, 1919, when the final return was filed. See Dallas Brass & Copper Co., 3 B. T. A. 856, and Mattewan Manufacturing Co., 4 B. T. A. 953, to the effect that a so-called tentative return is not the return required by statute. Putting aside for the moment the effect of the waiver, the Commissioner had five years from June 12, 1919, or until June 12, 1924, in which to make an assessment. This he did on March 11, 1924, clearly within the statutory period. Why it took the form of a jeopardy assessment we do not know, and will not inquire. California Associated Raisin Co., 1 B. T. A. 1251. The period for assessment and collection under section 250(d) of the Revenue Act of 1921 not expiring until June 12, 1924, which is after the enactment ,of the 1924 Act, the case comes clearly within section 278(d) of the Act of 1924 and the Commissioner has six years in which to collect. See Art Metal Works v. Commissioner, 9 B. T. A. 491, 493, and cases there cited.
In view of the conclusion we have reached it becomes unnecessary to consider the effect of the filing of the waiver, the abatement claim, and the bond.

Judgment will be entered for the respondent.