*984 OPINION.
Marquette:
The first issue raised by the pleadings herein is whether Commissioner Blair had authority to reverse and set aside the finding of his predecessor in office that the petitioner and Hamilton & DeLoss, Inc., were affiliated during the year 1918 and the period January 1 to February 1, 1919, and entitled to file consolidated returns of net income and invested capital. This issue must be resolved in favor of the respondent, on the authority of Yokohama Ki-Ito Kwaisha, Ltd., 5 B. T. A. 1248; Estate of W. S. Tyler, 9 B. T. A. 255; James Couzens, 11 B. T. A. 1040; Rosetta V. Hauss, 12 B. T. A. 755; Estate of John F. Dodge, 13 B. T. A. 201; and Anna T. Dodge et al., Executors, 13 B. T. A. 223.
*985 Our decision on the first issue makes it necessary for us to determine whether the petitioner and Hamilton & DeLoss, Inc., were affiliated during the year 1918 and the period January 1 to February 1,1919, and entitled to have their tax liability computed on the basis of consolidated returns, within the meaning and under the authority of section 240 of the Revenue Act of 1918.
The petitioner claims affiliation and the right to file consolidated returns, while the position of the respondent is, first, that affiliation did not exist because the necessary conditions relative to ownership or control of the capital stock of the two corporations were not present; second, that even if the two corporations were affiliated, their tax liability should not be computed on the basis of consolidated returns, for the reason that Hamilton & DeLoss, Inc., was a “ corporation organized after August 1, 1914, and not a successor to a then existing business, 50 per centum or more of whose gross income consists of gains, profits, commissions, or other income derived from a Government contract or contracts made between April 6, 1917, and November 11, 1918.” There is no claim made, nor does the record disclose, that either one of the two corporations owned or controlled directly or indirectly, any of the capital stock of the other. If affiliation existed, it was because substantially all of the capital stock of both corporations was owned or controlled by the same interests.
The evidence herein establishes that six men, Handy, Harman, DeLoss, Sewell, Gerrish, and Leach, owned outright 93.71 per cent of the capital stock of the petitioner and 76.66 per cent of the capital stock of Hamilton & DeLoss, Inc., and it may be assumed for the purpose of this opinion that they controlled 4.61 per cent of the capital stock of the petitioner which was held by employees of the petitioner under an agreement that if they should leave the petitioner’s employ the petitioner would have the right to purchase the stock. But did they control the 20 per cent interest in Hamilton & DeLoss, Inc., owned by Hamilton? The evidence shows that when Hamilton & DeLoss, Inc., was organized, Hamilton did not have sufficient money to purchase stock in the corporation. He secured the money from a bank pursuant to arrangements made by DeLoss and DeLoss endorsed his notes. Hamilton assigned his stock to DeLoss, who placed it with the bank as collateral security. On or subsequent to February 1, 1919, DeLoss paid the notes and took over the stock. The evidence also shows that as long as Hamilton owned the stock he attended the stockholders’ meetings and voted the stock. It appears that he did not vote in opposition to Handy, Harman, DeLoss, and Sewell, but there is no evidence that he could not have done so if he had desired. So far as we know he voted with them of his own volition and not because they had *986 any control over his stock. Handy, Harman, DeLoss, and Sewell undoubtedly controlled Hamilton & DeLoss, Inc., and Hamilton apparently was a satisfied and tractable minority, who was content that the Handy & Harman organization should control and operate Hamilton & DeLoss, Inc. This control, however, is not the control contemplated by the statute, and, where there is a substantial minority, unless there is a control of the stock of such minority, there is no affiliation of the corporation. Ice Service Co. v. Commissioner, 30 Fed. (2d) 230; Commissioner v. Adolph Hirsch & Co., 30 Fed. (2d) 645; and Conley Tin Foil Corporation, 17 B. T. A. 65. In Ice Service Co., supra, it was stated:
Congress has declared that two corporations shall be treated as one for tax purposes when one corporation owns or controls substantially all the stock of the other or when substantially all the stock is owned or controlled by the same interests. Judicial interpretation may perhaps limit the statutory language to voting stock, as was held in In re Temtor Corn etc. Products Co., 299 Fed. 326 [U. S. Tax Cases, 2nd Supp. 1325] aff'd sub. nom. Schafly v United States, 4 Fed. (2d) 195 (C. C. A. 8), but we are not to confuse control of the corporation with control of the stock. The test is not declared to be control of the business or the policies of the subsidiary corporation but substantial identity of interest in the enterprise. The theory of affiliation, resulting in a consolidated return for taxes is that the income and invested capital are really the income and capital of a single enterprise though carried on through the instrumentality of several corporations. See Art. 631, Treasury Regulations, 1920 Edition; Holmes, Fed. Taxes 6th Ed. 281; Alameda Inv. Co. v. McLaughlin, 28 Fed. (2d) 81 (N. D. Cal.). Only when the outside interest, that is, the interest of the minority, is so small as to be practically negligible, are the two corporations to be treated as in receipt of a single income requiring a consolidated return.
Again, in Adolph Hirsch & Co., supra, the same court said:
The management of the business of the corporation is not the control required by the statute. It refers to stock control. The fact that the minority is acquiescent and permits the majority to manage the business does not prove actual control over the minority interest. Nor does a control based upon friendship or professional relations satisfy the statute. The control of the stock owned by the same interest refers to beneficial interest. This meaning is consistent with the purpose of the statute to extend to those subject to the hazard of the enterprise, when they are substantially one and the'same, the benefit of the consolidated reports.
We are of opinion that tlie same interest that owned or controlled the capital stock of the petitioner, did not own or control substantially all of the capital stock of Hamilton & DeLoss, Inc. Therefore, the quantum of ownership or control required by the statute for affiliation of the two corporations does not exist in this case and we must affirm the action of the respondent in refusing to determine the tax liability of the petitioner and Hamilton & DeLoss, Inc., on the basis of consolidated returns.

Judgment .will he entered for the respondent.