LUDWIG LITTAUER & COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91349.   Promulgated May 13, 1938.

*Edgar B. Bronson, Esq.*, for the petitioner.
*John E. Marshall, Esq.*, and *Edward A. Tonjes, Esq.*, for the respondent.

#### OPINION.

STERNHAGEN: The Commissioner has filed a motion to dismiss "for lack of jurisdiction in that no final determination of a deficiency has been made by the Commissioner and no notice of a deficiency has been sent by the Commissioner to the petitioner, as provided by section 272 of the Revenue Act of 1936." Under date of August 21, 1937, he sent to the petitioner by registered mail a notice of his finding that the petitioner intended to hinder and prevent the collection of tax justly due for the period January 1 to August 21, 1937, and that, pursuant to the authority granted by section 146 of the Revenue Act of 1936, he declared immediately due and payable the taxes for such period; that an assessment had been made of a "total deficiency" of $94,435.85, which amount was declared immediately due and payable, and immediate payment thereof was requested upon presentation of notice by the collector. Within ninety days thereafter the petition was filed. The petitioner regards the notice as a notice of deficiency which supports a proceeding for redetermination in the Board.

Since the notice expressly states that it is sent by virtue of section 146, it may properly be regarded as taking its character from that

section.[1]  The section has been repeatedly enacted in its present form since its first appearance as section 250 (g) of the Revenue Act of 1918.[2]  It should not be confused with section 272, prescribing the normal mode for the determination and assessment of a deficiency, nor with section 273, prescribing the system for making and contesting an ordinary jeopardy assessment.  Section 146 supplements these two sections to provide a means of protecting the Government from the loss of tax through the imminent disappearance of the means of payment.  Unlike sections 272 and 273, it provides the extraordinary remedy of terminating the taxable year before the year would normally close and estimating the tax, which becomes immediately due and payable.  In the body of the subdivision the word jeopardy is not used, but the subdivision is entitled "TAX IN JEOPARDY."  Both the substance of the subdivision and its title indicate an intention to supply a remedy in emergency more extreme than that covered by section 273.

It has been consistently held that the Board has no jurisdiction to weigh the circumstances which the Commissioner officially regards as denoting jeopardy sufficient to impel him to safeguard the revenue.

[1] SEC. 146. CLOSING BY COMMISSIONER OF TAXABLE YEAR.

(a) TAX IN JEOPARDY.—If the Commissioner finds that a taxpayer designs quickly to depart from the United States or to remove his property therefrom, or to conceal himself or his property therein, or to do any other act tending to prejudice or to render wholly or partly ineffectual proceedings to collect the tax for the taxable year then last past or the taxable year then current unless such proceedings be brought without delay, the Commissioner shall declare the taxable period for such taxpayer immediately terminated and shall cause notice of such finding and declaration to be given the taxpayer, together with a demand for immediate payment of the tax for the taxable period so declared terminated and of the tax for the preceding taxable year or so much of such tax as is unpaid, whether or not the time otherwise allowed by law for filing return and paying the tax has expired ; and such taxes shall thereupon become immediately due and payable.  In any proceeding in court brought to enforce payment of taxes made due and payable by virtue of the provisions of this section, the finding of the Commissioner, made as herein provided, whether made after notice to the taxpayer or not, shall be for all purposes presumptive evidence of the taxpayer's design.

(b) SECURITY FOR PAYMENT.—A taxpayer who is not in default in making any return or paying income, war-profits, or excess-profits tax under any Act of Congress may furnish to the United States, under regulations to be prescribed by the Commissioner, with the approval of the Secretary, security approved by the Commissioner that he will duly make the return next thereafter required to be filed and pay the tax next thereafter required to be paid.  The Commissioner may approve and accept in like manner security for return and payment of taxes made due and payable by virtue of the provisions of this section, provided the taxpayer has paid in full all other income, war-profits, or excess-profits taxes due from him under any Act of Congress.

(c) SAME—EXEMPTION FROM SECTION.—If security is approved and accepted pursuant to the provisions of this section and such further or other security with respect to the tax or taxes covered thereby is given as the Commissioner shall from time to time find necessary and require, payment· of such taxes shall not be enforced by any proceedings under the provisions of this section prior to the expiration of the time otherwise allowed for paying such respective taxes.

\*          \*          \*          \*          \*          \*          \*

[2] Sec. 250 (g), Revenue Act of 1918, 40 Stat. 1084 ; sec. 250 (g), Revenue Act of 1921, 42 Stat. 267 ; sec. 282, Revenue Act of 1924, 43 Stat. 302 ; sec. 285, Revenue Act of 1926, 44 Stat. 68 ; sec. 147, Revenue Act of 1928, 45 Stat. 836 ; sec. 146, Revenue Act of 1932, 47 Stat. 217 ; sec. 146, Revenue Act of 1934, 48 Stat. 725 ; sec. 146, Revenue Act of 1936, 49 Stat. 1703.

*California Associated Raisin Co.*, 1 B. T. A. 1251; *Foundation Co.* v. *United States*, 15 Fed. Sup. 229. After the expiration of a normal tax year the Commissioner, if he believes assessment or collection of a deficiency will be jeopardized by delay, must immediately assess, and may collect. Thus he is empowered in such circumstances to deprive the taxpayer of the normal procedure of contesting the determination of a deficiency before payment. It is only after the taxpayer receives the required notice of deficiency for the tax year that he may contest the jeopardy assessment which has already been made, and it is only by filing a bond that collection may be stayed pending the proceeding.

Since section 146, subdivision (a), presupposes a more exigent situation of jeopardy than that covered by section 273—a situation so critical as to require immediate protective action rather than to await the close of the normal taxable year and the determination of a statutory deficiency—it can not be supposed that Congress intended to be more lenient, by permitting the taxpayer to avoid payment during litigation, than under the less perilous circumstances denoted by the jeopardy assessment of section 273. In both situations the Commissioner may assure collection without awaiting the Board's redetermination. Section 273 requires the Commissioner to send a notice of deficiency upon which the taxpayer may institute his proceeding before the Board. There is no provision of the statute which with equal clarity requires a similar notice of deficiency following the use of the procedure of section 146. The notice required by that section is a notice of the finding that collection is in peril and the declaration of the termination of the taxable year. Any statement in such notice which might be made as to the amount of tax liability is but a provisional statement of the amount which must be presently paid as a protection against the impossibility of collection.

In this view of the nature of the notice given under section 146, the Bureau of Internal Revenue has published a ruling (G. C. M. 17195, XV-2 C. B. 107) which contains the following concluding sentence:

* * * After the end of the calendar year, the taxpayer may file a complete return for the entire 12-month period in order that a determination may be made by the Commissioner of any deficiency in tax, or any overpayment or overassessment of tax.

Government counsel reiterate this view in the present proceeding. Thus it appears that notwithstanding a finding, declaration, and collection under section 146 covering a tax for a short period, there still remains the proper tax period, whether twelve months or shorter, for the determination of tax liability with any resulting deficiency or overpayment. See *Helvering* v. *Morgan's, Inc.*, 293 U. S. 121. This is supported by the ensuing subdivisions of section 146, wherein

it appears that a taxpayer may escape the rigor of immediate payment of the short term tax by giving security that at the proper time a correct annual return will be filed and a correct annual tax will be paid. It is only after such annual period expires that a determination of correct tax liability can be made, and not until then can it be determined whether there is a statutory deficiency or perhaps a refund of all or part of the amount already collected under section 146. In such circumstances, the amount called a "deficiency" in the notice sent to the petitioner here is not an amount finally determined as a deficiency, and the proceeding to contest it is at this stage premature. The Board is without jurisdiction and the proceeding must be dismissed.

Reviewed by the Board.

*Dismissed.*