## MASON
### v.
### COMMISSIONER OF INTERNAL REVENUE (two cases).
### Nos. 14496, 14497.

United States Court of Appeals
Fifth Circuit.
Feb. 12, 1954.

Samuel E. Ziegler, Dallas, Tex., for petitioner.

Charles W. Davis, Ch. Cnsl. Bur. Int. Rev., Rollin H. Transue, Sp. Atty., Ellis N. Slack, Sp. Asst. to Atty. Gen., H. Brian Holland, Asst. Atty. Gen., Louise Foster, Sp. Asst. to Atty. Gen., Melva M. Graney, Sp. Asst. to Atty. Gen., Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

These appeals, consolidated for briefing and argument, are taken from orders of the Tax Court which granted, without opinion, the commissioner's motions [1] to dismiss, for want of jurisdiction, petitions [2] taxpayers had filed for a rede-

1. In L. K. Mason's case the ground of the motion was that the appeal (to the tax court) was not taken from a statutory notice of deficiency as required by Section 273(b) of the Internal Revenue Code. In Floy Mason's case it was that the appeal is from notice of tax lien under Internal Revenue Laws dated March 14, 1952.

2. The petitions requested "a redetermination of the deficiency set forth by the Commissioner of Internal Revenue in his jeopardy assessments of March 14, 1952," and in reports of the Internal Revenue Service dated April 30, 1952, and mailed to taxpayers' attorney on May 26, 1952.

The petitions allege that the jeopardy assessments were received by the taxpayers on or about March 17, 1952, that such assessments show income tax due for 1948 in the amount of $17,355.44, penalties of $9,719.05, and interest of $3,117.08, or a total of $30,191.57, which is all in controversy.

The petitions allege also that a notice of a tax lien was received at about the same time as the statement of assessment.

The petitions then assert that the Tax Court obtained jurisdiction when the Commissioner determined deficiencies on March 14, 1952, that the Commissioner cannot take away such jurisdiction subsequently "by purposely or inadvertently failing to give the statutory notice within the 60 day period required by Section 273 (b) of the Internal Revenue Code," and that the taxpayers did not pay the tax indicated but mailed a cashier's check in the amount to the Collector of Internal Revenue "only to remove the tax lien." The petitions end with a prayer that the Tax Court determine the jeopardy assessments made by the Commissioner on March 14, 1952, to be null and void, because of the failure of the commissioner to comply with the requirements of Section 273(b), I.R.C., 26 U.S.C.A., and to

termination of the deficiencies, set forth in his jeopardy assessments of March 14, 1952, and mailed to taxpayers' attorney May 26, 1952.

As the taxpayers state the question for decision, it is whether the Commissioner of Internal Revenue can, by the simple expedient of (1) issuing jeopardy assessments and (b) failing to comply with the spirit and exact requirements of the law, take away the taxpayers' legal right to be heard in the Tax Court, all because a cashier's check was deposited with the properly authorized Collector of Internal Revenue for the sole and only purpose of removing and cancelling the tax liens imposed.

As the commissioner states it more briefly and, we think, more precisely, the question for decision is whether the Tax Court was in error in dismissing these cases for lack of jurisdiction.

The gravamen of taxpayers' attack on the orders appealed from is that the proceedings and action of the Commissioner, in issuing jeopardy assessments and in failing and refusing thereafter to issue statutory notices of deficiency under Section 273(b) [3] of the Internal Revenue Code was a failure to perform his duty and an abusive exercise of his powers, and that such failure and refusal on his part ought not to result, as here, in depriving the taxpayers of their right to have their tax liability determined in and by the Tax Court.

The substance of the commissioner's defense of the orders is that whatever may be the effect in law upon the jeopardy assessments of the failure of the commissioner to follow them up with the sixty day notices of deficiency as required by Section 273(b) or whatever other and different rights and remedies may flow to the taxpayers because of such failure, Cf. Maxwell v. Campbell, 5 Cir., 205 F.2d 461, that failure cannot confer jurisdiction on the Tax Court to entertain taxpayers' petitions for relief, absent the notices required by Section 273(b) if notices have not been mailed under Section 272(a).[4]

We agree with the commissioner that this is so and that, since it is, the Tax Court had no alternative, upon the showing made in this record, to dismissing the petition for want of jurisdiction. None of the cases cited by the taxpayers, including McConkey v. Commissioner, 4 Cir., 199 F.2d 892, hold to the contrary of this view, indeed they affirm its correctness.

The orders appealed from were correctly entered. The petitions to review them are denied.

---

give such further relief as may be fit and proper.

No copy of the report of the Internal Revenue Service of April 30, 1952 (on which taxpayers rely) appears in the record but a letter written to the Deputy Collector about the check referred to above, was attached to the petitions.

3. "§ 273. Jeopardy Assessments
"(a) Authority for making. If the Commissioner believes that the assessment or collection of a deficiency will be jeopardized by delay, he shall immediately assess such deficiency (together with all interest, additional amounts, or additions to the tax provided for by law) and no-

tice and demand shall be made by the collector for the payment thereof.
"(b) Deficiency letters. If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed under section 272(a), then the Commissioner shall mail a notice under such subsection within sixty days after the making of the assessment." (26 U.S.C.1946 ed.)

4. For an interesting and informative discussion of the significance and importance of a notice by the commissioner, though not precisely in point here, see Hardaway Motors Co. v. Commissioner, 5 Cir., 207 F.2d 872.