LOUIS VINCENT MUSSO, SR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Musso v. Commissioner
Docket No. 1484-73.
United States Tax Court
T.C. Memo 1973-181; 1973 Tax Ct. Memo LEXIS 104; 32 T.C.M. (CCH) 849; T.C.M. (RIA) 73181; August 20, 1973, Filed Charles L. Denaburg and Gary Smith, for the petitioner. F. Patrick Matthews, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: The petition in this case which was filed on March 5, 1973, alleged that "The notice of deficiency (a copy of which is attached and marked Exhibit A) was mailed to the petitioner on December 19, 1972." Exhibit A attached to the petition is a letter addressed to petitioner by the district director of internal revenue, Birmingham, Alabama which states in part: 2 NOTICE OF TERMINATION OF TAXABLE PERIOD Pursuant to Section 6851 of the Internal Revenue Code, you are hereby notified that I have found that your wagering activities tend to *106 prejudice or to render wholly or partly ineffectual proceeding to collect the income tax for the period January 1, 1972 through December 18, 1972. * * * The letter then proceeds to inform petitioner that his taxable year has been terminated as of December 18, 1972, and that demand for the tax for the period as terminated is the amount of $54,990 is made. The letter further informed petitioner that he was required, under section 443, to file a return for the terminated taxable period but that such termination and filing did not relieve him of the responsibility for filing a return for his usual annual accounting period which in this case the petition alleges is the calendar year 1972. Respondent on March 20, 1973, filed a motion to dismiss the petition for lack of jurisdiction. A hearing was held on this motion. Respondent in his motion and in his argument takes the position that the document attached to the petition and alleged to be a notice of deficiency shows on its face that it is not in fact a notice of deficiency but a notice of termination of taxable period issued pursuant to section 6851. Respondent contends that it follows from this fact that this Court is without *107 jurisdiction over this case 3 since a taxpayer can invoke the jurisdiction of this Court only by filing a petition for a redetermination of a deficiency set forth in a notice of deficiency mailed to the taxpayer in accordance with the provisions of section 6212. In numerous cases we have held that this Court could acquire jurisdiction in a case only where a petition was filed with this Court within the time provided in section 6213(a) after the mailing of a notice of deficiency to a taxpayer in accordance with the provisions of section 6212. In Ludwig Littauer & Co., 37 B.T.A. 840 (1938), we specifically held that we had no jurisdiction to redetermine the tax where the petition was filed from a notice mailed to a taxpayer terminating a taxable year and determining that the tax due for the period was immediately payable. Section 272 of the Revenue Act of 1936, providing for the issuance of a notice of deficiency and section 146 of the Revenue Act of 1936 providing for the termination by the Commissioner of a taxable year of a taxpayer where the Commissioner finds that the taxpayer is doing an act tending to prejudice or to render wholly or partially ineffective *108 the proceedings to collect the income tax for the current or the preceding taxable year are substantially the same as sections 6212 and 6851, respectively, 5 of the Internal Revenue Code of 1954. Petitioner recognizes that our holding in Ludwig Littauer & Co., supra, is contrary to the position he takes in the instant case. Petitioner, however, relies on the 4 case of Schreck v. United States, 301 F. Supp. 1265 (D. Md., 1969), in support of his position. The District Court in the Schreck case expressed disagreement with our holding in Ludwig Littauer, that in effect approved a ruling of the Commissioner that where a notice of termination of a taxpayer's taxable year had been issued the taxpayer must file a completed report for the 12-month period of his normal taxable year in order that the Commissioner might make a determination of any deficiency or overpayment of tax or overassessment of tax for the full 12-month period which encompassed the short period involved in the termination of the taxpayer's year by the Commissioner. Whether we would reconsider the position we took in the case of Ludwig Littauer & Co., supra, we need not *109 decide since the Court in the Schreck case recognized, as we did in the Ludwig Littauer case that this Court could not acquire jurisdiction to redetermine a tax until a notice of deficiency had been issued by the Commissioner and that a notice of termination of a short taxable year was not a notice of deficiency. In recognition of this fact the District Court in the Schreck case held that within 60 days after a notice to a taxpayer under section 6851 terminating a taxable year, the Commissioner was required by the provisions of section 6861(b) to mail to that taxpayer a notice of deficiency under section 6212(a) in order to give that taxpayer the basis for filing a petition invoking the jurisdiction of this Court. Based on this conclusion the District Court stated that unless the Commissioner promptly sent a notice 5 to the taxpayer in that case, the Court would issue an injunction under section 6213(a) enjoining the Commissioner from continuing in force and effect his assessment and levy against the taxpayer. The holding in the Schreck case does not support petitioner's position in this case, but rather supports respondent's position. In Mason v. Commissioner, 210 F. 2d 388 *110 (C.A. 5, 1954), affirming an order of this Court dismissing a petition for lack of jurisdiction, the Court held that the failure of the Commissioner to send a notice of deficiency to a taxpayer within 60 days following a jeopardy assessment made in accordance with the provisions of section 273, I.R.C. 1939, now section 6861, I.R.C. 1954, did not confer jurisdiction on this Court to redetermine the tax which was the subject of the jeopardy assessment. In Clark v. Campbell, 341 F. Supp. 171 (N.D. Texas, 1972), the District Court, following the Schreck case, held that where the Commissioner had terminated a taxpayer's taxable year, he must send a deficiency notice to that taxpayer in order that the taxpayer might have "a ticket to the Tax Court" or that an injunction would be issued under section 6213(a) prohibiting continuation in force and effect of the assessment and levy. In support of its holding, the District Court stated that "the importance of a deficiency notice being sent lies in the fact that it is a 6 jurisdictional prerequisite to the Tax Court for a redetermination of taxes assessed. Mason v. Commissioner of Internal Revenue, 210 F. 2d 388 (5th Cir. 1954). *111 " It is therefore apparent that while there is conflict between the District Court cases and our holding in Ludwig Littauer & Co., supra, as to whether the proper time for issuance of a notice of deficiency is within 60 days after the issuance of the notice of termination of taxable year under section 6851 or after an audit by the Commissioner of the return filed by the taxpayer for the full 12-month year, and apparently conflict as to whether the deficiency should be determined for the short period caused by the termination or the 12-month annual accounting period of the taxpayer, there is no conflict as to the necessity of the issuance by the Commissioner of a notice of deficiency in order for a taxpayer to invoke the jursidiction of this Court. At the hearing petitioner's counsel stated that petitioner had filed a return for the full taxable year shortly after the close of his taxable year December 31, 1972. Respondent's counsel at the hearing was unable to explain why subsequent to the filing of the taxpayer's return for the calendar year 1972 an audit had not been made and if a deficiency did exist, a notice of deficiency had not been mailed to petitioner. *112 7 Shortly after the hearing respondent's counsel addressed a letter to this Court in which he stated in part: During the course of hearing respondent's motions to dismiss in the above entitled cases on Wednesday May 23, 1973, the Court expressed some concern regarding respondent's administrative handling of these cases and the failure to issue statutory notices of deficiency from which the subject taxpayers could validly petition this Court. We would like to take the opportunity to inform the Court that the Commissioner's general policy in the case of a taxpayer whose taxable period has been terminated pursuant to section 6851, Int. Rev. Code of 1954, is to ensure examination of the taxpayer's full year return at the earliest reasonable time. Respondent in this letter stated that an atttempt was being made to locate this petitioner's full-year return so that an audit of that return could commence as soon as the return could be made available to an examining agent. Petitioner, in response to respondent's statement, contends that a notice of deficiency after the close of the taxable year is not a satisfactory alternative to the issuance of a notice *113 of deficiency within 60 days after the termination of a taxable year for a taxpayer whose assets have been taken by the government upon the assessment of tax at the time of the termination of the taxable year. The fact that some inequity may be caused to the taxpayer by the delay by the Commissioner in issuing a notice of deficiency where an assessment has been made by the Commissioner upon termination of his taxable year is unfortunate. 8 However, upon consideration of the statute and all the cases which have come to our attention dealing with our jurisdiction, we conclude that a notice to a taxpayer of termination of his taxable year issued under section 6851 is not a notice of deficiency within the meaning of section 6212 and therefore we have no jurisdiction over this case. An appropriate order will be entered.