DORSEY DRUG CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19813.   Promulgated June 8, 1927.

A corporation which filed a return for the fiscal year ended August 31, 1921, and voluntarily changed its accounting period to a calendar year basis and filed a return for the four months intervening, may not deduct a loss for such period from the income of the next succeeding calendar year.

*C. B. Allison,* for the petitioner.
*Joseph K. Moyer, Esq.,* for the respondent.

This appeal is from the determination of a deficiency in income tax for the year 1922 in the amount of $706.63. The Commissioner has refused to allow the deduction of a loss for a four-month period preceding the calendar year for which the petitioner made its return. The material facts are stipulated by the parties.

### FINDINGS OF FACT.

The petitioner is a corporation with its principal office at Dallas, Tex. It was organized May 15, 1920, but transacted no business until September 1, 1920. It filed an income-tax return for the twelve-month period September 1, 1920, to August 31, 1921. By permission of the Commissioner the petitioner later changed its accounting period to a calendar year basis and, in order to effect such change, filed a return for the period September 1 to December 31, 1921. For such period the petitioner reported a loss in the amount of $4,965.10. For the calendar year 1922 the net income of the petitioner amounted to $7,653.02.

In computing its tax liability for the year 1922 the petitioner deducted from net income for that year the loss reported for the period September 1 to December 31, 1921. The Commissioner disallowed the deduction.

### OPINION.

SMITH: The only question to be decided is whether the petitioner is entitled, under section 204 (b) of the Revenue Act of 1921, to deduct

a loss for a preceding four-month period in computing taxable income for the calendar year 1922 when the petitioner was in existence for the whole preceding fiscal year and filed the return for a fractional part thereof in effecting a change of accounting period voluntarily undertaken. Section 204(b) provides as follows:

If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year; the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary.

Section 200(1) of the same Act states that:

The term "taxable year" means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under section 212 or section 232. The term "fiscal year" means an accounting period of twelve months ending on the last day of any month other than December. The first taxable year, to be called the taxable year 1921, shall be the calendar year 1921 or any fiscal year ending during the calendar year 1921.

We have held in *Tacoma Grocery Co.*, 1 B. T. A. 1062, that a period occurring between two fiscal years, caused by a change in the accounting period, did not constitute a taxable year within the meaning of section 226 of the 1918 Act, and that the taxpayer could not, under section 204(b) of the Act, deduct a loss for the preceding fiscal year from the income for the succeeding eleven-month period. There, the petitioner had voluntarily changed its accounting period with the permission of the Commissioner. We said in that opinion:

In such a case as this, where the taxpayer has been in existence prior to the beginning of the taxable period, and the return does not purport to include income received during the twelve months preceding the close of the taxable period, the definition of a taxable year is so clear as to leave no room for construction. We must conclude that the taxpayer is not entitled to the benefits of section 204 (b).

We held in *Arthur Walker & Co., Inc.*, 4 B. T. A. 151, that where a taxpayer voluntarily changed its accounting period from the fiscal year ending March 31 and filed a return for the period April 1, 1921, to February 28, 1922, no deduction could be claimed thereon for a loss sustained over the preceding fiscal year ended March 31, 1921, under section 204 (b) of the Revenue Act of 1921. We said in that opinion:

The net loss provision of the 1921 Act is confined in its operation to offsetting a net loss of one year against the income of the succeeding year, and no provision is made for offsetting the loss of one year against the income of only a portion of the succeeding year.

See also *Leland Stave Co.*, 6 B. T. A. 882.

In *Carroll Chain Co.*, 1 B. T. A. 38, which the petitioner has cited, it was held that, where a corporation was organized in November, 1921, and adopted a fiscal year ending on June 30, the period ended June 30, 1922, was its first fiscal year. In that case the corporation was not in existence for the full fiscal year and the return included all income received by it for the twelve-month period prior to the close of its fiscal year. It is obvious that a distinction must be made between the case where a taxpayer is not in existence for the full fiscal or calendar year and a case where, by a voluntary change of accounting period, the return is made for only a fractional part of the full year of its existence. It is not shown whether the petitioner herein sustained a net loss or had a net gain over the entire twelve-month period of the year ended December 31, 1921. The petitioner can not deduct a loss for a fractional part of a year occasioned by a voluntary change of accounting period in computing taxable income for the next succeeding year.

*Judgment will be entered for the respondent.*