MOORE COTTON MILLS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29543. Promulgated September 28, 1929.

*J. C. Peacock, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

OPINION.

Love: The Revenue Act of 1921 provides:

Sec. 204. (b) If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year; the deduction in all cases to be made under regulations to be prescribed by the Commissioner with the approval of the Secretary.

In construing and applying this section, the Board has held in *American Varnish Co.*, 2 B. T. A. 201, and cases following that decision, that if for any taxable year beginning after December 31, 1920, a taxpayer has sustained a net loss, the amount thereof may *not* be deducted from gross income in determining the net income for the year succeeding that in which the net loss was sustained, but, for the purposes of this section, must be deducted from the net income *after* such net income has been determined without such deduction. See *S. W. Bridges & Co.*, 4 B. T. A. 750; *Chicago Nut Co.*, 5 B. T. A. 614; *Oak Grove & Georgetown Railroad Co.*, 6 B. T. A. 661.

The petitioner concedes the correctness of that interpretation of this section of the 1921 Act as applied to "the succeeding taxable year," i. e. the *second* year; but denies its applicability to "the next succeeding taxable year," that is to say, the *third* year, counting as the first the year in which the taxpayer suffered the net loss. It seems to us that the point is well taken.

Our attention is directed to the fundamental difference in the provisions of the statute covering "the succeeding taxable year" and "the next succeeding taxable year."

For the *second* year, the law provides that such loss *shall be deducted from the net income of the taxpayer;* for the *third* year the clear and unmistakable language of the Act provides that any excess of loss remaining after it has been applied against the net income of the second year " *shall be allowed as a deduction in computing the net income for the next succeeding* [the third] *taxable year.*"

Counsel for the respondent said in his argument:

There might be some justifiable reason for interpreting section 204 (b) of the Revenue Act of 1921 as petitioner's counsel has, except for the fact the last line of that section states, the last line of 204 (b) provides:

" The deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary."

In other words, that express statement of Congress says that the Commissioner shall prescribe the regulations. Now, then, granting for the moment that the first part of that section is ambiguous, that is, with reference to the second year, then we must come down to what the Commissioner has said the deductions shall be. That brings us to Article 1602 of Regulations 62.  *  *  *

The regulation thus invoked by counsel is as follows:

*Claim for allowance of net loss.*—A taxpayer sustaining a " net loss " such as set forth in section 204, for any taxable year ending after December 31, 1920, may file a claim therefor with his return for the subsequent taxable year. Such claim should contain a concise statement setting forth the amount of the net loss and all pertinent facts relative thereto, including a schedule showing computation of the net loss in accordance with section 204 and articles 1601 and 1605 of these regulations. If the evidence furnished satisfies the Commissioner that the taxpayer has sustained a " net loss " the amount of such net loss may be deducted from the net income of the taxpayer for the succeeding taxable year and if the net loss is in excess of the net income for such succeeding taxable year the amount of such excess *shall be carried over and credited against the net income for the next succeeding taxable year.* (Italics ours.)

Considering together the remarks of counsel for the respondent and the regulation quoted above, we find no ambiguity in either the first part or in any part of section 204 (b) of the Act of 1921. On the contrary, its provisions seem to us to be as clearly specific and unmistakable as it is possible to express them. Without doubt the Commissioner is endowed with the power to make and enforce regulations that shall carry out the clear intent of the words of this section, but equally the power given in the section does not imply that he has any authority to make or enforce any regulation that alters, or even modifies, that clear intent, and it would be without effect even though that were the implication. The power of Federal legislation lies solely in Congress, and in our opinion that part of the regulation of the Commissioner which we have italicized and which provides that the excess of the net loss over the net income of the second year "shall be carried over and credited against the net income for the next succeeding (third) taxable year " where Congress has clearly provided that " the amount of such excess *shall* be allowed *as a deduction in computing the net income* for the next succeeding taxable year," is an erroneous construction of that Act and goes beyond the power delegated to the Commissioner. We do not know whether it was the intent of Congress to provide that the deductions permitted, under certain circumstances, for the sec-

ond and third years should be similarly applied; but we do know that such is not the effect of the language used in section 204 (b) of the Revenue Act of 1921; and that it is not within the power of the Commissioner so to construe and apply the widely differing provisions therein contained. The rule has been so well settled that it seems unnecessary further to discuss it or to cite authorities.

It seems plain to us that whether under the Revenue Act of 1921 the "net income" for the third taxable year of this petitioner (the second year succeeding that in which this taxpayer sustained a "net loss") is greater or less than $25,000, is to be ascertained by deducting from its gross income as defined in section 233 (a) of the Act, the general deductions allowed in section 234 *plus* the specific deduction allowed for that taxable year under section 204 (b), and we so hold.

In what we have said above, we are not unmindful that the conclusion we reach differs from our decision in *Eastern Building Corporation*, 16 B. T. A. 138. There was no appearance for the petitioner in that case. The distinction now made in the language of the act was not then pointed out. The decision in the *Eastern Building Corporation* case, *supra*, is overruled.

We find in the instant case that the petitioner's net income for 1923 was less than $25,000, and that it is therefore entitled to the specific credit of $2,000 under the provisions of section 236 (b) of the Revenue Act of 1921.

Reviewed by the Board.

> *Judgment will be entered for the petitioner under Rule 50.*