ALABAMA BY-PRODUCTS CORPORATION, BIRMINGHAM COKE & BY-PRODUCTS CO., MAJESTIC COAL CO., AND IMPERIAL COAL & COKE CO., PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21808. Promulgated January 24, 1930.

*Oscar W. Underwood, Jr., Esq.*, and *H. C. Kilpatrick, Esq.*, for the petitioners.

*John D. Foley, Esq.*, for the respondent.

#### MEMORANDUM OPINION.

TRAMMELL: A rehearing was had in this proceeding on November 20, 1929, pursuant to motion timely filed, at which time the petitioner urged that our decision in this case is in conflict with our conclusions reached in *Moore Cotton Mills Co.*, 17 B. T. A. 662, and that if the principles announced in the latter case were applied in the instant case, a different result would be reached.

In our former opinion in the case at bar (16 B. T. A. 1073), we said:

> Since, under the statute, each member of an affiliated group is a "taxpayer" and the relief granted by section 204 is given to "any taxpayer," it is our opinion that an affiliated corporation, which suffered a net loss in 1919, prior to the beginning of the period of affiliation, and which net loss exceeded the amount of its net income for 1918, is entitled *to deduct the excess of such net loss from its individual net income* for 1920, and to that extent the consolidated net income is thus reduced.
>
> However, if the corporation which sustained the net loss in 1919 has no individual net income for 1920, the excess of such net loss over its 1918 net income may not be taken as a deduction, for the reason that such taxpayer has no income from which it can be deducted * * *.
>
> Applying the foregoing principles to the facts in the instant case, it follows that the excess of the 1919 net loss of the Majestic Coal Co. over its 1918 net income in the amount of $76,887.75 can not be allowed as a deduction for 1920, since that corporation had no individual net income for 1920. (*Italics supplied.*)

The question raised here involves the construction of certain language used in section 204 (b) of the Revenue Act of 1918, which provides that if "any taxpayer" has sustained a net loss for any taxable year beginning after October 31, 1918, and ending prior to January 1, 1920, the amount of such net loss *shall be deducted from*

*the net income* of the taxpayer for the preceding taxable year; and if the net loss is in excess of the net income for such preceding taxable year, the amount of such excess *shall be allowed as a deduction in computing the net income* for the succeeding taxable year.

The Revenue Act of 1921, in section 204 (b), contains substantially the same language, except that it is there provided that the amount of the net loss *shall be deducted from the net income* of the taxpayer for the succeeding taxable year, and the excess, if any, *shall be allowed as a deduction in computing the` net income* for the next succeeding taxable year.

The question now presented as a matter of law was not raised and was not considered in our former opinion in this case. In *Moore Cotton Mills Co., supra,* we said:

Our attention is directed to the fundamental difference in the provisions of the statute covering " the succeeding taxable year " and " the next succeeding taxable year."

For the *second* year, the law provides that such loss *shall be deducted from the net income of the taxpayer;* for the *third* year the clear and unmistakable language of the Act provides that any excess of loss remaining after it has been applied against the net income for the second year " *shall be allowed as a deduction in computing the net income for the next succeeding* [the third] *taxable year."*

  *    *    *    *    *    *    *

* * * The power of Federal legislation lies solely in Congress, and in our opinion that part of the regulation of the Commissioner * * * which provides that the excess of the net loss over the net income of the second year " shall be carried over and credited against the net income for the next succeeding (third) taxable year " where Congress has clearly provided that " the amount of such excess *shall* be allowed *as a deduction in computing the net income* for the next succeeding taxable year," is an erroneous construction of that Act and goes beyond the power delegated to the Commissioner. We do not know whether it was the intent of Congress to provide that the deductions permitted, under certain circumstances, for the second and third years should be similarly applied; but we do know that such is not the effect of the language used * * * and that it is not within the power of the Commissioner so to construe and apply the widely differing provisions therein contained. * * *

We think the foregoing is a correct interpretation of the statute and that the principles there enunciated are applicable there.

Our former decision in the instant case, therefore, is hereby modified in accordance with the reasoning and construction of the statute indicated in the above quoted extract. It must follow that the net loss of the Majestic Coal Co. in excess of its 1918 net income, which excess net loss is in the amount of $76,887.75, should be allowed as a *deduction in computing its net income* and *not as a deduction from net income* for the period ended December 31, 1920.

The excess of the net loss of 1919 over the 1918 net income is, by the plain language of the statute, put in the same category as any other

deduction allowed by statute in determining net income for the taxable year. It is, for 1920, an allowable deduction from the gross income of the corporation which sustained the loss. An operating loss or deficit of one corporation in an affiliated group, or the amount by which its allowable deductions exceeded its gross income, should be reflected in determining the consolidated net income.

The allowable deductions of the Majestic Coal Co. for 1920, including the excess of its 1919 net loss over its 1918 net income, result in a deductible loss for 1920. This loss should be reflected in determining the consolidated net income of the group. *Gould Coupler Co.*, 5 B. T. A. 499; *H. S. Crocker Co.*, 5 B. T. A. 537.

In *Hutt Contracting Co. et al.*, 17 B. T. A. 818, and *Struthers-Ziegler Cooperage Co.*, 18 B. T. A. 537, we cited our original opinion in this proceeding, and, applying the principles there announced, held in each of said cases that if the corporation which sustained the net loss had no net income for the next or first succeeding taxable year, such net loss was not allowable as a deduction from the net income of other members of the affiliated group. In our opinion, the cases referred to are clearly distinguishable from the conclusion reached in this proceeding, for the reason that the year involved in those cases was the first succeeding taxable year under the Revenue Act of 1921.

In *National Slag Co.*, 16 B. T. A. 1310, we held that the conclusions reached in our original decision in this proceeding were equally applicable to that case, notwithstanding the *Slag Co.* case arose under the Revenue Act of 1924. The 1924 Act contains materially different provisions from those of the 1921 Act with respect to the treatment of net losses, in that the 1924 Act provides that a net loss shall be allowed " *as a deduction in computing the net income* of the taxpayer " for the succeeding taxable year, whereas the corresponding provision of the 1921 Act requires that a net loss shall in the first instance be allowed as a *deduction from net income.*

Upon reconsideration, it is our opinion that the decision in *National Slag Co., supra,* is erroneous. It is therefore reversed, and will not be followed in the future.

Reviewed by the Board.

> *An order will be entered vacating our former judgment, and judgment will be entered under Rule 50.*

BLACK, dissenting: I think the attempt of the Board in the foregoing opinion to apply the doctrine of the *Moore Cotton Mills Co.* case, 17 B. T. A. 662, to the instant case is fundamental error. The situations are not the same.

In the *Moore Cotton Mills Co.* case the taxpayer remained the same individual corporate entity for all three of the taxable years, 1921, 1922, and 1923. That is not the situation now before us.

The Majestic Coal Co. in the years 1918 and 1919 remained the same taxpaying unit, but in 1920 it became affiliated with the Alabama By-Products Corporation and other corporations, and under the provisions of section 240 of the Revenue Act of 1918 one consolidated return was filed for the entire group of corporations.

In the judgment of the writer, the later action brings about a very different application of the benefits conferred by section 204 than is the case where the individual corporate taxpayer remains unaffiliated with other corporations. The writer believes that the Board correctly interpreted the meaning of section 204 (b) of the Act of 1918 in its decision in the *Moore Cotton Mills Co.* case, but does not believe that such interpretation has any application whatever in the present case.

Section 204 (b) of the Act of 1918 reads:

If for any taxable year beginning after October 31, 1918, and ending prior to January 1, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount of such net loss shall under regulations prescribed by the Commissioner with the approval of the Secretary be deducted from the net income *of the taxpayer* [italics ours] for the preceding taxable year; and the taxes imposed by this title and by Title III for such preceding year shall be redetermined accordingly. * * * If such net loss is in excess of the net income for such preceding taxable year, the amount of such excess shall under regulations prescribed by the Commissioner with the approval of the Secretary be allowed as a deduction in computing the net income [*of the taxpayer* (We have inserted the three foregoing words in italics, for of course that is the plain meaning of the statute.)] for the succeeding taxable year.

Now manifestly the foregoing statute, which was clearly enacted by Congress for the benefit of the taxpayer, was intended for the benefit of the individual taxpayer whether he was an individual in person or an individual corporation. It was not intended as a benefit to groups of individuals or groups of corporations filing consolidated returns in subsequent years.

The very best evidence that the language which we have quoted above was intended to apply only to individuals in person and individual corporations was that Congress, in order to let partnerships and beneficiaries of an estate or trust in on the benefits of the section, found it necessary to add paragraph (c) of section 204, which reads:

(c) The benefit of this section shall be allowed to the members of a partnership and the beneficiaries of an estate or trust.

If Congress had intended to grant such benefit to affiliated corporations filing a consolidated return under the provisions of section 240 of the Revenue Act of 1918 it would have added, after the word "trust" just above quoted, language substantially as follows:

" and to affiliated corporations filing a consolidated return under section 240 of this Act," so that paragraph (c) of section 204 as amended would have read:

(c) The benefit of this section shall be allowed to the members of a partnership and the beneficiaries of an estate or trust and *to affiliated corporations filing a consolidated return under the provisions of* section 240 of this Act.

No such language was used, and I submit that the majority opinion in this case is reading into the statute a meaning which was never intended by Congress and which is clearly in conflict with the language of the statute itself.

In the instant case the Majestic Coal Co. had a loss of $82,713.20 for the year 1919. It had net income of $5,828.45 in 1918. The decision of the majority members of the Board will allow the 1919 loss to not only wipe out the $5,828.45 net income of the same corporation in 1918 (a proceeding concededly proper under the language of the statute), but will permit the remainder of the 1919 loss, $76,-887.75, to be carried forward into 1920 and used as a deduction in determining net income not of the individual corporation, the Majestic Coal Co., but the net income of the consolidated group headed by the Alabama By-Products Corporation. The effect of this ruling by the Board is to allow $76,887.75 of income in 1920 which was not income of the Majestic Coal Co. in that year, for it had none, but income of the other members of the affiliation, to be wiped out by net losses of the Majestic Coal Co. in 1919.

I believe that this is doing something that Congress did not intend to do when it enacted section 204(b) of the Act of 1918 and which the language of that Act does not support. Hence I can not agree to it.

TRUSSELL agrees with this dissent.