STRAIN BROTHERS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30915.   Promulgated April 16, 1930.

*H. A. Mihills, C. P. A.*, for the petitioner.
*C. H. Curl, Esq.*, and *P. A. Bayer, Esq.*, for the respondent.

602

OPINION.

ARUNDELL: Petitioner complains of respondent's failure to allow deductions, in computing net income for the fiscal years 1924 and 1925, for net losses sustained for 1921 and 1922, respectively.

The fiscal year 1924 began on February 1, 1923, and ended on January 31, 1924. The law applicable in computing the tax for the calendar year 1923 is the Revenue Act of 1921, and the Revenue Act of 1924 is applicable in computing the tax for the calendar year 1924. Under such circumstances, section 207 (a) of the Revenue Act of 1924 provides that the tax for the fiscal year 1924 shall be:

\* \* \* The sum of: (1) the same proportion of a tax for the entire period, determined under the law applicable to the first calendar year and at the rates for such year, which the portion of such period falling within the first calendar year is of the entire period; and (2) the same proportion of a tax for the entire period, determined under the law applicable to the second calendar year and at the rates for such year, which the portion of such period falling within the second calendar year is of the entire period.

The determination of the tax for the fiscal year 1924, then, requires two separate computations of net income and the tax thereon—one to be made according to the provisions of the Revenue Act of 1921, and the other according to the provisions of the Revenue Act of 1924.

Section 204 (b) of the Revenue Act of 1921 provides:

If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year; the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary.

In relation to 1921, the calendar year 1922 is "the succeeding taxable year." A net loss was also sustained for 1922, so that the net loss for 1921 is to be carried forward and allowed as a deduction in computing net income for "the next succeeding taxable year." The petitioner contends that "the next succeeding taxable year" is the fiscal year 1924; while the respondent contends it is the one-month period of January, 1923.

A taxable period of less than a year, occasioned by a voluntary change in accounting period, for which a taxpayer is required to file a return under section 226 of the Revenue Act of 1921, is not a "taxable year" within the meaning of sections 200 and 204 (b), *Arthur Walker & Co.*, 4 B. T. A. 151; *Dorsey Drug Co.*, 7 B. T. A. 229; and *Turners Falls Power & Electric Co.*, 9 B. T. A. 435; and a net loss sustained for a prior taxable year may not be deducted in computing net income for such taxable period. *Arthur Walker & Co., supra.* Accordingly, under the facts of this case, the fiscal year 1924 is "the next succeeding taxable year" in relation to the taxable year 1921, and the net loss sustained for the latter year is a proper deduction in computing net income for the fiscal year 1924 under the Revenue Act of 1921.

Section 206 of the Revenue Act of 1924 is controlling in the matter of the deductions to be allowed for net losses of prior years, in computing net income under that act. In subdivisions (e) and (f) of that section, there are specific provisions for deducting net losses sustained for 1922 and 1923 in computing net income for 1924, but no provision is made for deducting a net loss sustained for 1921. Accordingly, in computing net income for the fiscal year 1924 under the 1924 Act, no deduction may be allowed for a net loss sustained for 1921. *Junius Beebe*, 18 B. T. A. 529.

By section 1200 of the Revenue Act of 1926, Title II of the Revenue Act of 1924 was repealed as of January 1, 1925. The fiscal year 1925 began on February 1, 1924, and ended on January 31, 1925. The law applicable in computing the tax for the calendar year 1924 is the Revenue Act of 1924, and the Revenue Act of 1926 is applicable in computing the tax for the calendar year 1925. Under such circumstances, the tax for the fiscal year 1925 is to be com-

puted under the provisions of section 207 (a) of the Revenue Act of 1926, which are identical with the provisions of the same section of the 1924 Act quoted above. Consequently, the determination of the tax requires two separate computations of net income and the tax thereon—one to be made according to the provisions of the Revenue Act of 1924, and the other according to the provisions of the Revenue Act of 1926.

Section 206 (e) of the Revenue Act of 1924 provides that any net loss sustained for 1922, in excess of the net income for the taxable year 1923, shall be allowed as a deduction in computing net income for the taxable year 1924. No provision is made for carrying forward a net loss for 1922, as a deduction, beyond the taxable year 1924. The apparent reason for this is that section 200 of the 1924 Act, for the first time, includes within the definition of the term "taxable year," "in the case of a return made for a fractional part of a year under the provisions of this title [Title II], or under regulations prescribed by the Commissioner with the approval of the Secretary, the period for which such return is made." Thus, a fractional part of a year for which a return is required by section 226 (a), because of change in basis of computing net income from calendar to fiscal year, is a "taxable year," and is to be treated, as circumstances may require, as "the succeeding taxable year" or "the next succeeding taxable year" for the purposes of the net loss provisions of section 206; and, by not making any provision for carrying forward net losses for 1922, as deductions, beyond the taxable year 1924, Congress undoubtedly intended that a net loss sustained for a prior year, when a different law was applicable, such as net losses for years to which the 1924 Act might be applicable, should not be carried forward beyond the second accounting period following that in which the loss was sustained. Accordingly, we hold that a net loss sustained for 1922 may not be allowed as a deduction in computing the net income for the fiscal year 1925 under the 1924 Act.

Section 206 of the Revenue Act of 1926 is controlling in the matter of the deductions to be allowed for net losses of prior years in computing net income under that act. Subdivision (e) of that section contains specific provisions for deducting net losses sustained for 1923 and 1924 in computing net income for the two succeeding taxable years, but no provision is made for deducting a net loss sustained for 1922. Accordingly, we hold that a net loss sustained for 1922 may not be allowed as a deduction in computing the net income for the fiscal year 1925 under the 1926 Act.

The respondent, in his amended answer, asks that the deficiency for the fiscal year 1924 be increased, on the ground that, in comput-

ing the net income for the fiscal year 1924 under the Revenue Act of 1921, he erroneously allowed the deduction of the net loss sustained for 1921. We have already held that, under the circumstances of this case, the net loss sustained for 1921 is a proper deduction in computing net income for the fiscal year 1924 under the 1921 Act. Consequently we must deny the respondent's request.

*Judgment will be entered under Rule 50.*