PITTSBURGH GASOLINE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 39463, 41854.   Promulgated November 12, 1930.

*Kenneth N. Parkinson, Esq.*, for the petitioner.
*L. W. Creason, Esq.*, for the respondent.

OPINION.

SMITH: The first question presented by these proceedings is whether the petitioner and the Johnson-Brinkman Motor Co. filed consolidated returns for 1925 and 1926. The corporations were affiliated for the years 1924, 1925, and 1926. Separate returns were filed for 1924, and the return of the Johnson-Brinkman Motor Co. for that year showed a net loss, the amount of which is not shown by the record, but in the schedule attached to the return filed by the Johnson-Brinkman Motor Co. for the calendar year 1925 is alleged to have been in the amount of $12,445.14. Petitioner contends that it filed consolidated returns with the Johnson-Brinkman Motor Co. for both 1925 and 1926. The respondent contends that separate returns were filed.

No question is raised by the respondent but that the two companies were entitled to file a consolidated return for 1925. Such return was

in fact authorized by article 632 of Regulations 65, as amended by Treasury Decision 4026, approved July 22, 1927.

It is not clear why the petitioner filed a separate return of its income from January 1 to May 31, 1925. It made no change in its fiscal year in 1925. It did not discontinue business on May 31, 1925. It was not a proper return under the taxing act or under the regulations prescribed by the Commissioner. We think that it should be ignored in determining the question as to whether a consolidated return was filed by both companies for 1925. The return filed by the Johnson-Brinkman Motor Co. was the only return filed which met the requirements of the statute, and that did not meet the full requirements of the statute since it should have included the net income of the petitioner for the entire calendar year and not for the last seven months only. We think in the computation of the deficiency the income shown by the consolidated return filed by the Johnson-Brinkman Motor Co. should be amended to include the operations of the petitioner for the entire calendar year 1925. By such amendment the corrected net income of the petitioner for 1925 was $11,899.05. The Johnson-Brinkman Motor Co. operated at a loss for 1925, such loss being in the amount of $5,420.57. The corrected net income of the consolidated group for 1925 was therefore $11,899.05 less $5,420.57, or $6,478.48, unless such net income is to be reduced by the net loss of the Johnson-Brinkman Motor Co. for 1924, which point will be considered below.

The respondent further contends that the tax liability of the petitioner for 1926 should be determined upon the basis that separate returns were filed by the petitioner and its affiliate for 1926. In its brief the respondent states:

In the instant case, so far as the record shows, not only was no Form 1122 filed by the petitioner as required by the [Commissioner's] regulations, but no document whatever purporting to be a return was filed by the petitioner for the year 1926. The return, Form 1120, filed by the Johnson-Brinkman Motor Company for 1926 was signed and sworn to by W. R. Brinkman, President, and Kirk Johnson, Treasurer, and although the question "Is this a consolidated return?" was answered in the affirmative, the only name appearing on the face of said return was that of the Johnson-Brinkman Motor Company.

It is submitted, therefore, that in accordance with the Board's decisions under the 1918 Act, quoted above, it should be held that no return was filed by this petitioner [Pittsburgh Gasoline Co.] for the year 1926.

Whether Form 1122 was filed by the petitioner for 1926 is not certain from the evidence. It is true that the return of the Johnson-Brinkman Motor Co. placed in evidence by the respondent for 1926 shows no Form 1122 accompanying it. But, it is to be noted that the returns of the petitioner and its affiliate, Johnson-Brinkman Motor Co., for 1925, do not show any Form 1122 filed for the year

1925. Yet, in the respondent's amended answer in Docket No. 39463, relating to the deficiency for 1925, it is stated:

\* \* \* the petitioner filed with the Collector of Internal Revenue for the First District of Pennsylvania Form 1122 entitled "Information Return of Subsidiary or Affiliated Corporation" purporting to cover the period from June 1, 1925 to December 31, 1925, inclusive.

Upon the record made we are of the opinion that the deficiency, if any, for 1926 should be computed upon the basis of a consolidated return filed by the petitioner with its affiliate for the year 1926. The ruling upon this point, however, is unimportant so far as it relates to the deficiency determined by the respondent for 1926, as appears from the discussion below.

The only real question in issue in these proceedings is whether the petitioner, Pittsburgh Gasoline Co., may derive any benefit in the computations of deficiencies for 1925 and 1926 by the fact that the Johnson-Brinkman Motor Co., its affiliate, sustained a net loss in 1924, which net loss is claimed by the petitioner to be in the amount of $12,445.14. The respondent contends that since the Johnson-Brinkman Motor Co. operated at a loss in 1925, that loss can not be increased by the "net loss" of the same company for 1924, and that at most it can only be applied against the net income of the Johnson-Brinkman Motor Co. for 1926, which was in the amount of $1,789.02. The respondent does not deny that the net income of the Johnson-Brinkman Motor Co. for 1926 may be offset by the net loss of the same company for 1924. In other words, the respondent contends that the taxable net income of the affiliated group for 1926 is the amount of $9,266.31, which was admittedly the correct net income of the Pittsburgh Gasoline Co. for that year.

Section 240(a) of the Revenue Act of 1926, under the provisions of which the tax liability of the petitioner for both 1925 and 1926 is to be computed, provides:

Corporations which are affiliated within the meaning of this section may, for any taxable year, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, *make a consolidated return of net income for the purpose of this title*, in which case the taxes thereunder shall be computed and determined upon the basis of such return. \* \* \* (Italics ours.)

The question before us is how the "consolidated return of net income" shall be made. Section 232 of the Revenue Act of 1926 provides in part:

In the case of a corporation subject to the tax imposed by section 230, the term "net income" means the gross income as defined in section 233 less the deductions allowed by sections 234 and 206, and the net income shall be computed on the same basis as is provided in subdivisions (b) and (d) of section 212 or in section 226. \* \* \*

From the foregoing it is seen that in the determination of the net income of a corporate taxpayer the deduction of the "net loss" of a prior year under section 206 is to be treated the same as any other deduction under section 234, unless it be that the deduction of the "net loss" of the prior year can not be availed of to produce a minus net income. The respondent contends that this can not be done. The petitioner contends that it can be done. It further contends that the correct net income of the Johnson-Brinkman Motor Co. for 1925 was not a loss of $5,420.57, but that amount increased by the net loss of the Johnson-Brinkman Motor Co. for the year 1924, which it claims was in the amount of $12,445.14; the sum of which two amounts is a loss of the Johnson-Brinkman Motor Co. for 1925 of $17,865.71. It also contends that such loss is in excess of the net income of the petitioner for 1925 ($11,899.05), and that such excess ($5,966.66) is available to be applied against the net income of the Johnson-Brinkman Motor Co. for 1926 ($1,789.02) and that the balance ($4,177.64) should be deducted from the petitioner's net income for 1926 in the determination of the net income of the consolidated return for that year.

Section 206(b) of the Revenue Act of 1926 provides that:

If, for any taxable year, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called "second year"), and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year (hereinafter in this section called "third year"); the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary.

The question whether the Johnson-Brinkman Motor Co. may deduct from its gross income for 1925 its net loss for 1924 is settled by the decision of the Board in *Alabama By-Products Corporation*, 18 B. T. A. 919, wherein we held that a corporation which suffered a net loss in 1919, prior to entering an affiliated group in 1920, is entitled to have the amount of such net loss in excess of its 1918 net income allowed as a deduction in computing net income for 1920 and that the resulting deficit should be reflected in the computation of consolidated net income for 1920. Consonant with that decision, if in the instant case the Johnson-Brinkman Motor Co. had a net loss for 1924 of $12,445.14 and its operating loss for 1925 before the deduction of the net loss for 1924 was $5,420.57, its true net income for 1925 was a minus quantity of $17,865.71. The petitioner had a net income for 1925 of $11,899.05, which was more than wiped out by the loss of the Johnson-Brinkman Motor Co. of $17,865.71. The

consolidated net income for 1925 was a minus quantity. Therefore the petitioner had no tax liability for the year 1925.

The petitioner contends that the balance of the net loss of the Johnson-Brinkman Motor Co. for 1924, not absorbed by the net income of the petitioner for 1925, is available to it as a deduction from gross income in computing its net income for 1926. In other words, the petitioner contends that against the petitioner's net income of $11,899.05 there should be applied first the operating loss of the Johnson-Brinkman Motor Co. for 1925 of $5,420.57, leaving a consolidated net income of $6,478.48, and that this net consolidated income should be offset by $6,478.48 of the claimed net loss of the Johnson-Brinkman Motor Co. for 1924 of $12,445.14, leaving $5,966.66 unabsorbed net loss of the Johnson-Brinkman Motor Co. to be carried forward and deducted from the gross income of the Johnson-Brinkman Motor Co. for 1926 in determining its net income for that year. The net income of the Johnson-Brinkman Motor Co. for 1926 before the deduction of any amount representing a net loss for prior years was $1,789.02. After the deduction from gross income of the unabsorbed net loss for 1924, the corrected net income of the Johnson-Brinkman Motor Co. for 1926 is a minus quantity of $4,157.64. This amount, the petitioner contends, should be applied against the petitioner's net income for 1926 in determining the consolidated gross income for that year.

A reference to section 206 (b) of the Revenue Act of 1926, above quoted, shows that it provides that where upon the production of evidence satisfactory to the Commissioner any taxpayer—

has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year * * * and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the succeeding taxable year * * *.

From the wording of this provision of law it might be contended that a net loss of a corporation joining in a consolidated return is personal to such corporation and that the application of such rule to the facts in the proceeding at bar requires a holding that the net loss of the Johnson-Brinkman Motor Co. can not be availed of by the petitioner in reducing its taxable net income. But such construction of the statute, in our opinion, does violence to the entire theory of section 240 of the statute. In *Swift & Co.* v. *United States*, 38 Fed. (2d) 365, it was held that section 240 of the Revenue Act of 1918 is a limitation of section 204 of that act and that—

in the computation under section 240, losses of one company must be offset against the income of the other companies before it can be determined whether

there is a net loss of any company in 1919 which may be applied against its income for 1918. * * *

Similarly under the Revenue Act of 1926, we think that section 240 is a limitation upon section 206; that where corporations are affiliated and file consolidated returns they are not entitled to all of the benefits which they might claim if separate returns had been filed. Thus we think in the instant proceeding if the Johnson-Brinkman Motor Co. had had a net loss for 1924 of $12,000, a net loss for 1925 of $5,000, and a net income for 1926 of $12,000, the Johnson-Brinkman Motor Co. could not deduct from its gross income of 1926 the full amount of $12,000, representing the net loss for 1924, when in point of fact a portion of that net loss for 1924 has been availed of in the computation of the consolidated net income for 1925. In other words, the law does not provide a double deduction, and it should be said that the petitioner makes no claim to a double deduction. We think, however, that such portion of the net loss for 1924 as was not availed of by the Johnson-Brinkman Motor Co. and the petitioner in the computation of consolidated net income for 1925 is a legal deduction from the gross income of the Johnson-Brinkman Motor Co. in computing its net income for 1926 and that the resulting net income (minus quantity) is the amount to be carried forward into the consolidated return. The contentions of the petitioner upon this point are sustained.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

---

MURDOCK, dissenting: It is found as a fact that the Johnson-Brinkman Motor Co. had a net loss for 1924, but the Board has not found as a fact, and, indeed, does not know, the amount of the net loss which the Johnson-Brinkman Motor Co. had for the year 1924. Until I know the amount of that net loss I can not agree that there was no consolidated net income for 1925, nor can I say that there was an unabsorbed portion of it available to offset the gross income of the Johnson-Brinkman Motor Co. for 1926.