*899 opinion. ,
McMahon :
The petitioner concedes the correctness of the respondent’s determination of a deficiency for the fiscal year ended July 31, 1922, in the amount of $7,000.28. Accordingly, judgment will be entered for the respondent as to that year.
With respect to the fiscal year ended July 31, 1923, the petitioner now asserts the right to a deduction from the $97,281.32 consolidated net income, of $49,428.13, representing the net loss sustained by the Nash-Newark Co. for the preceding year during which the companies were not affiliated. The net loss of the Nash-Newark Co. for the fiscal year 1923 has been deducted from consolidated net income.
*900 The petitioner’s claim is predicated, upon section 204 ox the Revenue Act of 1921, which, after defining the term “ net loss,” provides:
Sec. 204. (b) If for any taxable year beginning after December 31, 1920, it appears upon tlie production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding- taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in computing the nei income for the next succeeding taxable year. * * *
In Alabama By-Products Co., 18 B. T. A. 919, which involved the Revenue Act of 1918, providing that if the net loss is in excess of net income for the preceding taxable year the amount of such excess shall be allowed as a deduction in computing the net income for the succeeding year, we held that the net loss was in the same category as an operating loss or deficit of one corporation and was reflected in determining the consolidated net income of the group even if the corporation which sustained the net loss had no net income for the taxable year.
As pointe'd out above, the Alabama By-Products Co. case involved the Revenue Act of 1918, while this proceeding involves the Revenue Act of 1921. So far as this proceeding is concerned, the only change in the Revenue Act of 1921 is that it provides that the net loss sustained in one year shall be deducted from the net income of the first succeeding taxable year, instead of from the preceding taxable year, as was provided in the Revenue Act of 1918. The first succeeding taxable year in the instant proceeding is, in principle, the same as the preceding taxable year in the Alabama By-Products Co. case.
Following the principle of the Alabama By-Products Co. case, the net loss sustained in 1922 is deductible by the corporation which sustained that loss from its net income of the first succeeding taxable year, that is, 1923, to the extent of that net income. Since, in the first succeeding taxable year the deduction maj^ not exceed the net income of that year, there being no net income, there may be no deduction.
We, therefore, agree with the respondent that the deduction in 1923 is allowable only to the extent that the Nash-Newark Co., which sustained the net loss in 1922, had net income in 1923. Since it had no net income in 1923, there is no basis for the deduction claimed by the petitioner in that year.
Reviewed by the Board.

Judgment will be entered for the respondent.