ARROW COAL & ICE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

R. LENAHAN COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HANRAHAN BRICK & ICE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

DWYER BROS. INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 44997, 44998, 44999, 45000. Promulgated April 29, 1931.

*Jacob A. Ronder*, *Esq.*, for the petitioners.
*J. M. Leinenkugel*, *Esq.*, and *T. G. Histon*, *Esq.*, for the respondent.

## OPINION.

TRUSSELL: Respondent, in determining the deficiencies here appealed from, refused to allow to any extent the net losses sustained by petitioners in 1923 and 1924. At the hearing, however, it is conceded by his counsel that such losses should have been allowed in each case to the extent of income in the later year of the individual corporation sustaining the loss.

Section 206 of the Revenue Act of 1926, which is applicable to the years before us, provides:

(b) If, for any taxable year, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called "second year"), and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year (hereinafter in this section called "third year"); the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary.

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

(e) If for the taxable year 1923 a taxpayer sustained a net loss within the provisions of the Revenue Act of 1921, or, if for the taxable year 1924 a taxpayer sustained a net loss within the provisions of the Revenue Act of 1924, the amount of such net loss shall be allowed as a deduction in computing net income for the two succeeding taxable years to the same extent and in the same manner as a net loss sustained for one taxable year is, under this Act, allowed as a deduction for the two succeeding taxable years.

We have in a number of instances held that under the above quoted provisions, or similar language in prior acts, statutory net losses sustained by corporations which for the "succeeding year" or "next succeeding year" became affiliated and filed consolidated returns, might be carried forward and deducted in arriving at consolidated net income, even though the corporation sustaining the loss had no income in the later year. *General Box Corporation*, 22 B. T. A. 725; *Pittsburgh Gasoline Co.*, 21 B. T. A. 297; *Buckie Printers' Ink Co.*, 19 B. T. A. 943; *Ben Ginsburg Co.*, 19 B. T. A. 81; *Alabama By-Products Corporation et al.*, 18 B. T. A. 919; *Moore Cotton Mills Co.*, 17 B. T. A. 662; affd., 49 Fed. (2d) 59. See also *National Slag Co.* v. *Commissioner of Internal Revenue*, 47 Fed. (2d) 846.

In the present case we can see no reason for denial of the right to carry forward and deduct these losses in arriving at consolidated net income, where the petitioners were actually affiliated in the prior

year in which the losses were sustained and merely exercised the option then granted of filing separate returns.

The cases cited by respondent are clearly distinguishable, involving deductions sought under the 1921 Act for the " succeeding year," such deduction being provided by that act only to be made from the " net income of the taxpayer," whereas under the section here controlling and above set out the deduction is permitted " in computing the net income." The effect of the noted difference in language is pointed out and fully discussed in the cited cases.

The statutory net loss admitted to have been sustained by the petitioner, Dwyer Bros. Incorporated, in 1923 should be carried forward and allowed as a deduction in computing the consolidated net income of petitioners for 1925 and the statutory net losses sustained by petitioners in 1924 should similarly be allowed in computing consolidated net income for 1925 and 1926.

*Judgment will be entered pursuant to Rule 50.*