STEVENSON CONSOLIDATED OIL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43416.   Promulgated June 8, 1931.

*George E. Hurd, Esq., H. C. Hall, Esq., Homer G. Murphy, Esq.,* and *Wm. B. Finley, C. P. A.,* for the petitioner.

*J. E. McFarland, Esq.,* for the respondent.

614

OPINION.

BLACK: The first error which petitioner assigns in its appeal is the refusal of the respondent to allow as a deduction in computing net income for the fiscal year ended November 30, 1924, the entire statutory net loss incurred in the eleven-month period ended November 30, 1922, there being no taxable income for the fiscal year ended November 30, 1923.

The method which respondent used in handling petitioner's statutory net loss for the eleven-month period beginning January 1, 1922, and ending November 30, 1922, has been fully detailed in our findings of fact. This method followed prior decisions of the Board and is therefore approved. *Dorsey Drug Co.*, 7 B. T. A. 229; *Strain Bros., Inc.*, 19 B. T. A. 601.

The next issue raised by the petitioner is altogether one of fact and regards the fair market value of certain shares of stock in Sunburst Refining Company which petitioner received in each of the taxable years in part payment of crude oil which it sold to Sunburst Refining Company during such years.

Both petitioner and respondent are agreed that the fair market value of this stock at the time it was received was a part of petitioner's gross income in each of the taxable years. The only disagreement is as to what that fair market value was. In our findings of fact we have found what such fair market value was in each of the taxable years and in determining the deficiencies for each of the taxable years, this fair market value should be used.

The next and last issue raised by petitioner in its appeal is also one of fact and is as to the cost of 250,000 shares of stock of the Sunburst Oil and Refining Company which in 1926 petitioner transferred to said Sunburst Oil and Refining Company in consideration of its assuming and agreeing to pay $220,055.85 liabilities which were then owing by petitioner. Both petitioner and respondent are in agreement that this exchange of stock for assumption and agreement to pay liabilities was a taxable transaction. Both treat it as a transaction in which the petitioner received a complete acquittance from its creditors of $220,055.85 indebtedness and by which thereafter the Sunburst Oil and Refining Company became substituted as a debtor to the creditors for $220,055.85 instead of petitioner. In this state of facts, petitioner's acquittance of $220,055.85 of its indebtedness to creditors became to it the same as cash received in that amount for the 250,000 shares of stock which it transferred to the Sunburst Oil and Refining Company.

The only disagreement between petitioner and respondent as to this transaction is as to the cost to petitioner of the stock transferred. We have found in our findings of fact the cost to petitioner of each share of this 250,000 shares of stock transferred and in redetermining the deficiency for 1926 this cost per share should be used by the respondent as a basis.

*Decision will be entered under Rule 50.*