SUMMERFIELD COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 33651, 36869, 47462. Promulgated November 18, 1931.

830

*George M. Morris, Esq.,* and *Frederick L. Pearce, Esq.,* for the petitioner.

*John D. Kiley, Esq.,* for the respondent.

OPINION.

SEAWELL: It is the insistence of the petitioner that the net losses sustained in 1924 and in the period January 1 to March 20, 1925, by the Taylor Furniture Company, prior to affiliation with petitioner, should be allowed as deductions in computing net income, consolidated, for the affiliated period, March 21 to December 31, 1925.

Section 200 (a) of the Revenue Acts of 1924 and 1926 provides that the term " taxable year " includes, in the case of a return made for a fractional part of a year, the period for which such return is made. See *Strain Brothers, Inc.*, 19 B. T. A. 601; *Pennsylvania Electric Steel Casting Co.*, 20 B. T. A. 602, 605; *Corno Mills Co.*, 21 B. T. A. 712.

Our decision on similar facts in *General Box Corporation*, 22 B. T. A. 725, is not applicable here, being under the Revenue Act of 1921, in which the definition of " taxable year " is different from such in the 1924 and 1926 Acts and includes no reference to periods of less than twelve months.

Treasury Regulations 69, promulgated under the Revenue Act of 1926, in article 634, requires separate returns prior to affiliation and a consolidated return thereafter. See *American La Dentelle, Inc., et al.*, 1 B. T. A. 575; *Weber-King Lumber Co.*, 20 B. T. A. 1011; and article 1523 of Regulations 69.

In view of the revenue law and regulations mentioned, the period from January 1 to March 20, 1925, in the instant proceeding, is one " taxable year " and the period from March 21 to December 31, 1925, is another " taxable year."

The provisions of the Revenue Act of 1926 in regard to net losses, so far as here pertinent, are in part as follows:

SEC. 206. (b) If, for any taxable year, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called "second year"), and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year (hereinafter in this section called "third year") * * *.

*     *     *     *     *     *     *

(e) * * * if for the taxable year 1924 a taxpayer sustained a net loss within the provisions of the Revenue Act of 1924, the amount of such net loss shall be allowed as a deduction in computing net income for the two succeeding taxable years to the same extent and in the same manner as a net loss sustained for one taxable year is, under this Act, allowed as a deduction for the two succeeding taxable years.

With respect to the year 1924, the period from January 1 to March 20, 1925, is the "succeeding taxable year" ("second year"), and the period from March 21 to December 31, 1925, is the next succeeding taxable year ("third year").

The succession of the taxable years having been thus determined and the net incomes and net losses having been stipulated as indicated in our findings of fact, there remains to be determined merely the method of application of the net losses to the proper years under the statute and our decisions.

The basic principles of the application of net losses of affiliated companies to other years have been laid down by the Board in a number of cases. *Alabama By-Products Corporation et al.*, 18 B. T. A. 919; *Buckie Printers' Ink Co.*, 19 B. T. A. 943; *General Box Corporation, supra; Arrow Coal & Ice Co. et al.*, 22 B. T. A. 1341; *Hawley Investment Co. et al.*, 23 B. T. A. 953; and others.

The principles enunciated by the Board in the foregoing cases have been approved by the Circuit Court of Appeals for the Third Circuit in *National Slag Co.* v. *Commissioner*, 47 Fed. (2d) 846, and upon a somewhat analogous issue by the Fourth Circuit in *Burnet* v. *Moore Cotton Mills Co.*, 49 Fed. (2d) 59.

On November 2, 1931, the Circuit Court of Appeals for the Second Circuit reversed the Board in *Ben Ginsburg Co.*, 19 B. T. A. 81, which was decided on the authority of *Alabama By-Products Corporation et al., supra*, which latter case is now pending on appeal before the Circuit Court of Appeals for the Fifth Circuit, and the principles enunciated therein have been approved, as heretofore stated, by the Circuit Court of Appeals for the Third Circuit in *National Slag Co., supra*.

In the instant case, the facts are similar to those in the *Ben Ginsburg Co.* case, *supra*, and it, therefore, becomes necessary for the Board to determine whether it will decide the instant case on the authority of the decision of the Circuit Court of Appeals for the Second Circuit in the *Ben Ginsburg Co.* case, *supra*, or adhere to the principles enunciated by the Board in *Alabama By-Products Corporation et al.*, *supra*, and other cases, approved by the Circuit Court of Appeals for the Third Circuit in *National Slag Co.*, *supra*, and upon a somewhat analogous issue by the Circuit Court of Appeals for the Fourth Circuit in *Burnet* v. *Moore Cotton Mills Co.*, *supra*.

As was well said by the United States District Court in *Planters' Oil Co.* v. *Hopkins*, 47 Fed. (2d) 659: "The question is troublesome. The use that may be made of a loss is not clear." But in view of the conflicting decisions in the United States Circuit Courts of Appeals on the question in issue and the fact that the case of *Alabama By-Products Corporation et al.*, *supra*, which we have followed since deciding the same, is yet undecided by the Circuit Court of Appeals for the Fifth Circuit, we now hold, on the authority of that case and *Arrow Coal & Ice Co.*, *supra; Hawley Investment Co. et al.*, *supra;* and *National Slag Co.* v. *Commissioner*, *supra*, that the net losses of the Taylor Furniture Company for the calendar year 1924 and the period January 1 to March 20, 1925, may be carried forward and allowed as deductions in computing the consolidated net income of petitioner and the Taylor Furniture Company for the period March 21 to December 31, 1925.

> *In Docket Nos. 33651 and 36869 judgment will be entered for the respondent. In Docket No. 47462 judgment will be entered under Rule 50.*